**Richmond.**

## GOODMAN V. GOODMAN.

March 13, 1919.

1. PARTITION—*Jurisdiction—Sufficiency of Bill.*—Where, although the allegations of a bill for partition are meager, yet upon a natural and reasonable interpretation it makes out a case in which the complainant and defendant claim under a common ancestor, the complainant claiming an undivided one-fourth of the land · by inheritance, and the defendant an undivided three-fourths, partly by inheritance and partly by purchase, the complainant and defendant thus being coparceners as to a part and tenants in common as to the residue of the land, and no objection to the form or sufficiency of the bill was interposed, it is a good bill for partition, the parties being clearly within the express terms of the statute (Code of 1904, sec. 2562) authorizing a partition suit in equity.

2. PARTITION—*Pleading—Title.*—It is not necessary in a bill for partition to make a formal deraignment of title, or any deraignment, further than is necessary to show how the parties became coparceners and entitled to partition.

3. PARTITION—*Bill—Sufficiency.* — The complainant in a partition suit must aver and prove that he occupies such a relationship to the defendant as entitles him to invoke the equity jurisdiction. If his bill fails to show this, it is bad on demurrer. If it does show this, and the answer denies it, then upon a hearing on bill and answer, either with or without a replication, the bill will be dismissed.

4. PARTITION—*Jurisdiction of Equity—Assertion of Hostile Title by Defendant.*—A suit for partition can not be made a substitute for an action of ejectment; but a defendant to a bill which states a good case for partition cannot defeat the jurisdiction in equity merely by denying *in toto* and *ab initio* the complainant's title, and asserting in himself a title independent of and hostile to that under which the complainant claims.

Appeal from a decree of the Circuit Court of Hanover county. Decree for defendant. Complainant appeals.

*Reversed.*

The opinion states the case.

*Haw & Haw,* for the appellant.

*Walter Sydnor,* for the appellee.

KELLY, J., delivered the opinion of the court.

This suit in equity was brought by Charles H. Goodman against John A. Goodman, alleging that the complainant, as one of the heirs of Agnes Doyle, who married Benjamin Goodman, inherited an undivided fourth interest in the land described in the bill; that complainant's nephew, John A Goodman, is the owner by inheritance and purchase of the other three-fourths undivided interest therein, and praying for a partition.

The defendant filed an answer to the bill, which, so far as material here, is as follows: "The defendant states that he is the owner in fee, and is now in possession, of a tract of land lying in Henry magisterial district, Hanover county, Virginia, which is bounded on the north by the lands of W. Calvin Martin, east by the lands of L. J. Boze and Cornelius Mantlo, south by the lands of Peter A. Peace, and west by the lands of Robert L. Goodman and John Rosbach." (Same description as in the bill.) "And if this is the tract of land that the plaintiff claims 'an undivided one-fourth interest in," this defendant positively denies that the plaintiff has any right, title, interest or estate therein. And the defendant denies that the plaintiff is entitled to any portion of said land. And defendant denies each and every other allegation in said bill contained which has not been hereinbefore specially mentioned."

To this answer the complainant replied generally, and at a subsequent day the circuit court entered the decree from which this appeal was granted, and which, so far as it need be here set out, is as follows: "This cause came on again this

day to be heard upon the bill of the plaintiff, the answer thereto by the defendant, the replication thereto of the plaintiff, and on motion of the defendant to dismiss the plaintiff's bill for want of jurisdiction; and was argued by counsel. On consideration whereof, the court, being of opinion that upon the case as made out on the bill and answer, with general replication thereto, it is without jurisdiction to try this cause, doth so decide, and doth sustain said motion of the defendant; and doth adjudge, order and decree that the bill of the plaintiff be dismissed."

The sole question presented for our decision is: Did the court err in dismissing the cause, merely upon the pleadings for want of jurisdiction, instead of awaiting a further development of the facts as to the claims of title on the part of the complainant and defendant, respectively? We have no difficulty in answering this question in the affirmative.

[1] The allegations of the bill were quite meager, but no objection to its form or sufficiency was interposed, and in substance it was good as a bill for partition. Upon a natural and reasonable interpretation it makes out a case in which the complainant and defendant claim under a common ancestor, Agnes Doyle, the complainant claiming an undivided one-fourth of the land by inheritance, and the defendant an undivided three-fourths, partly by inheritance and partly by purchase. The complainant and defendant were thus coparceners as to a part and tenants in common as to the residue of the land, and, therefore, clearly within the express terms of the statute (Code, sec. 2562) authorizing a partition suit in equity.

[2] It is not necessary in a bill for partition to make a formal deraignment of title, or any deraignment, further than is necessary to show how the parties became coparceners and entitled to partition. *Ransom* v. *High*, 37 W. Va. 838, 17 S. E. 413, 38 Am. St. Rep. 67; *Martin* v. *Martin*, 95 Va. 26, 27 S. E. 810.

[3] We are not concerned here with the question of where the burden of proof would have rested if the case had been submitted and decided merely upon the bill, answer and replication. Undoubtedly the complainant in a partition suit must aver and prove that he occupies such a relationship to the defendant as entitles him to invoke the equity jurisdiction. If his bill fails to show this, it is bad on demurrer. If it does show this, and the answer denies it, then upon a hearing on bill and answer, either with or without a replication, the bill will be dismissed. But the submission of this case by the parties, as well as the decision thereof by the court, was distinctly upon the defendant's motion to dismiss the complainant's bill, not for failure to prove his allegations, but for want of equity jurisdiction. We must deal with the case practically, and it is clear, from the decree itself, taken with briefs and oral arguments and admissions of counsel in this court, that the defendant contends, and that the court decided, that even though a bill in equity should state a perfectly good case for partition, the defendant could defeat the jurisdiction by a mere denial of the complainant's allegations, and a mere assertion of an independent hostile claim going to the whole of the property involved.

[4] It is settled and familiar law that a suit for partition cannot be made a substitute for an action of ejectment (*Pillow* v. *Southwest, etc., Co.*, 92 Va. 144, 23 S. E. 32, 53 Am. St. Rep. 804; *Litz* v. *Rowe*, 117 Va. 752, 86 S. E. 155, L. R. A. 1916B, 799; *Bailey* v. *Johnson*, 118 Va. 509, 88 S. E. 62); but a defendant to a bill which states a good case for partition cannot defeat the jurisdiction in equity merely by denying *in toto* and *ab initio* the complainant's title, and asserting in himself a title independent of and hostile to that under which the complainant claims. In *Pillow* v. *Southwest, etc. Co.*, *supra*, Judge Buchanan, speaking for this court, said: "Of course a partition suit cannot be made

a substitute for an action of ejectment; and if the defendant in such suit does not claim under any one who was a joint owner, such as a coparcener, joint tenant, or tenant in common with the complainant, or those under whom he claims, then it is clear that such suit would not be proper; but if the defendant does claim under one who was a joint owner with the complainant, or those under whom he claims, the defendant cannot defeat the right of the complainants to have their legal rights settled in a suit for partition by merely alleging and proving that he denies the rights of the complainant, and holds adversely to him. If the jurisdiction of the circuit court could be defeated in this manner, the statute would be of little value, and would fail to attain the chief object for which it was passed."

The instant case, so far as it has proceeded, is not within the influence of the decision of this court in *Litz* v. *Rowe, supra,* and in *Bailey* v. *Johnson, supra,* cited and relied upon by counsel for defendant. The essence of the decision in those cases is summed up in the following language from the opinion in the *Bailey Case*: "An independent, hostile claim, going to the whole property involved, and denying *in toto* and *ab initio* the title of the parties claiming joint ownership of the land, cannot be set up and adjudicated in a partition suit brought by the latter" (that is to say, in a partition suit brought by the joint owners, or some of them). In the *Litz Case* and in the *Bailey Case,* an outside party, who had never at any time had any community of interest with any of the parties to a partition suit which had been properly brought, sought to intervene as actors in the partition suit under a claim of title distinct from and hostile to that under which the parties to the partition suits were claiming, and sought to have the court adjudicate therein the questions of title and boundary existing between such outside independent claimant and the parties claiming jointly under a different title. In other words, the adverse

claimant in each of the cases cited was endeavoring to come, into a partition suit in the attitude of a complainant for the purpose of trying a claim of title and boundary which both his pleadings and his proof showed could only be asserted in a court of law. In the present case, on the contrary, the defendant is seeking to defeat the jurisdiction in a partition suit, regularly brought, before the cause has proceeded far enough for the court to say whether the questions of title arising between the complainant and defendant are such "questions of law affecting the legal title," as section 2562 of the Code expressly authorizes courts of equity in a partition suit to adjudicate and determine. It may be that when the case is fully developed upon the evidence the defendant can show that there has never been any community of interest at any time between him and the complainant; but upon the record as it now stands the case is clearly one for equity jurisdiction.

The decree complained of will be reversed and the cause remanded for further proceedings to be had therein not in conflict with the views herein expressed.

*Reversed.*