# Staunton.

## J. HARMON DUTY, ET ALS., V. HONAKER LUMBER COMPANY, ET ALS.

### September 22, 1921.

### Absent, Burks, J.

1.  CLOUD ON TITLE—*Evidence of Complainant's Title Insufficient—Dismissal of Bill.*—The object of the instant suit was to divest certain persons of any legal title that there might be in them to a certain tract of land and vest the same in complainants, who claim to be the equitable owners of the land. There was no sufficient evidence to support the title of complainants asserted in the bill under an alleged deed. The paper filed as the original deed was not the original and was thoroughly discredited. There was no substantial evidence to support the effort to set up a title by adverse possession under the alleged conveyance.

    *Held:* That there was no error in dismissing the bill.

2.  EQUITY—*Jurisdiction—Title and Boundaries—Ejectment.*—Except where the relief which is authorized by Code of 1919, section 6248, is sought, and in the absence of some peculiar equity, courts of equity are without jurisdiction to settle disputes regarding the title and boundaries of land. An action of ejectment generally affords a complete and adequate remedy for the assertion of a title or interest in land.

3.  CLOUD ON TITLE—*Jurisdiction—Adverse Claims of Title.*—A court of equity is without jurisdiction in a suit to remove a cloud upon title to determine the question of title as between several independent, distinct and hostile claims. Such an independent and hostile claim, involving the whole property and denying *in toto* and *ab initio* the title of the complainants, cannot be set up and adjudicated in a suit in equity. To permit this would authorize an adverse claimant to implead other claimants of the title in such a way as to substitute an equity suit for an action of ejectment.

4.  EQUITY—*Sufficiency of Proof to Obtain Relief.*—Where any conclusion which the court might reach would necessarily be conjectural and founded upon random guess, rather than based upon any sufficient proof, a court of equity invariably denies

relief, because a just determination and settlement of the controversy is impossible. Essential allegations which the parties to such a controversy cannot prove with reasonable certainty, cannot without evidence be assumed by the court.

Appeal from a decree of the Circuit Court of Dickerson county. Decree for appellees. Appellants appeal.

*Affirmed.*

The opinion states the case.

*Chase & McCoy,* for the appellants.

*Greever, Gillespie & Divine, Sutherland & Sutherland, Bird & Lively* and *A. A. Skeen,* for the appellees.

PRENTIS, J., delivered the opinion of the court.

We do not think it necessary to recite the involved and complicated pleadings and procedure in this case. Counsel for the appellants, in their very accurate summary of all of these details, allege that there are seventeen separate issues. By eliminating all of the claimants of the land in controversy who disturb his theory of the case, he simplifies and reduces these issues to five. Inasmuch as we think the case can and should be disposed of in accordance with certain general principles, we do not think it necessary to discuss these various issues and counterclaims, or the voluminous evidence introduced to support them, with any great particularity. The complainants are the executors of the last will and testament of John D. Duty, deceased, his widow and children, and the grandchildren of John H. Duty representing their deceased parents, they allege title to a tract of about 200 acres of land, one-half of which lies in Dickenson county and half in Buchanan county, the

county line being the line of division. They allege that by
a deed dated August 15, 1872, William B. Aston, as the
agent of William Warder, conveyed this land to John H.
Duty and his brother, Joel F. Duty; that at that time the
entire tract lay in Buchanan county, but since then, in 1880,
Dickenson county was formed; that Joel F. Duty, now de-
ceased, in March, 1879, sold an undivided one-half interest
in this land to Humberson Gilbert, who paid him therefor,
but that he failed to convey to Gilbert; that Gilbert after-
wards sold his interest to John H. Duty, thus making him
the owner of the entire tract; that Joel F. Duty and Gilbert
both died intestate, and both left widows and children sur-
viving them; that three of the seven children of Joel F.
Duty, by deed of November 1, 1910, conveyed to the living
children of John H. Duty, among the complainants, all of
their interest in the tract, but that the widow and other
four children of Joel F. Duty, deceased, had failed to do so;
that John H. Duty, in his lifetime, conveyed to the Hon-
aker Lumber Company the timber growing on the tract,
with certain rights of way.

The object of the suit, as stated in the petition, was "for
the purpose of extracting the title to any interest or claim
to any part of this 200 acres' tract of land lying partly in
Dickenson county and partly in Buchanan county, that may
now be in the four children and widow of Joel F. Duty, de-
ceased, who did not sign the deed of November 1, 1910, and
in the heirs at law of Humberson Gilbert, deceased, by rea-
son of this land being owned at one time by Joel F. Duty,
deceased." They, therefore, make such of the other heirs
at law of John H. Duty as are not parties complainants to
the suit parties defendant, as well as the heirs at law of
Joel F. Duty, deceased, the heirs at law of Humberson Gil-
bert, deceased, and the Honaker Lumber Company, as the
owner of the timber with certain rights and privileges. The
object of the suit, therefore, was to divest the heirs at law

of Joel F. Duty and the heirs at law of Humberson Gilbert of any title there may be in them to any part or interest in the land, and to perfect the same in the heirs at law of John H. Duty, deceased, subject to the rights of the Honaker Lumber Company.

The court dismissed the bill, cross-bill, demurrer, exceptions, motions to strike out and objections to the various pleadings, and adjudged, ordered and decreed that the cause be dismissed, each party to pay his own costs.

[1] Referring first, then, to the claim of the complainants in the original bill, it appears that the paper filed as the original deed from Aston, as the agent of Warder, is not the original of such a deed, no such conveyance is proved, and for the first time apparently in the briefs filed in this court, the claim here is that it was a clumsy copy of the original which has been lost or destroyed. There is no sufficient evidence to support the title of the complainants asserted in the bill under this alleged deed, which is thoroughly discredited. The effort to set up a title by adverse possession under this alleged conveyance by the complainants is also without substantial support in the testimony, so that in our view there is no error in the decree as to the complainants in dismissing the original bill.

The heirs of Joel F. Duty and Humberson Gilbert, who were made parties to the original bill, filed separate answers and cross-bills, and each claimed for themselves the title to that part of the land known as the "tall timber" tract in Dickenson county. Those of Joel F. Duty's heirs who claim title allege that he sold this Dickenson county tract to Humberson Gilbert, and that Gilbert afterwards abandoned the sale and sold his interest back to Joel F. Duty. The heirs at law of Humberson Gilbert, however, claim that they are the true owners of this Dickenson county tract, because of an alleged deed from Thomas W. Davis, agent of the Warders, to Humberson Gilbert, and, in addi-

tion, that their ancestor acquired title by adverse possession. In addition to this, W. R. and A. W. Davis, who were not defendants in the original bill, filed their petition, claiming the "Gum Hollow" or Buchanan county portion of the tract under a conveyance from the agent of the Warders in 1902, and alleging that this is the true title because the pretended deed of 1872 to John H. and Joel F. Duty is a forgery. Then again comes one Minnie Humphreys Jones and files her petition claiming title to the Dickenson county portion of the tract under a paper executed to her by Davis, agent of the owners, and also under a deed from Pobst, commissioner, conveying to her the unsold Warder land in Dickenson county. She also alleges that the pretended deed of 1872 to John H. and Joel F. Duty is a forgery, denies that T. W. Davis, as agent for the Warders, ever conveyed the land to Humberson Gilbert, or that he ever had any title or right to it. Thus, we have the heirs at law of John H. Duty, deceased, claiming all the land involved, that in Buchanan as well as that in Dickenson county; W. R. Davis and A. W. Davis claiming the "Gum Hollow" tract in Buchanan county; Minnie Humphreys Jones, the heirs of Joel F. Duty and the heirs of Humberson Gilbert, all claiming the "tall timber" tract in Dickenson county.

Because the testimony upon which these various claimants, undertaking to sustain their title to the land in controversy may doubtless at some time be submitted to a jury for consideration, we refrain from expressing any opinion as to its probative value.

[2] The rule in cases of this sort has been so recently stated by this court in *Litz* v. *Rowe,* 117 Va. 752, 86 S. E. 155, L. R. A. 1916-B, 799, that it is hardly necessary to do more than cite that case. Except when the relief which is authorized by Code 1919, section 6248, is sought, and in the absence of some peculiar equity, courts of equity are without jurisdiction to settle disputes regarding the title and

boundaries of land. It is perfectly apparent from the recitals which we have made that there is a vigorous dispute as to the true ownership of the lands here in controversy. The petitions and cross-bills of those who were not parties defendant to the original bill should have been dismissed without prejudice. If they or either of them had the true title they would not be bound by any decree in the case. Not being parties to the suit, their interests were in no way jeopardized, and they could not have been prejudiced by any decree entered in that case. An action of ejectment, under such circumstances, generally affords a complete and adequate remedy for the assertion of a title or interest in land in this State.

[3] Other cases supporting this view could be cited, but it is only necessary to paraphrase what is said in *Bailey* v. *Johnson,* 118 Va. 505, 88 S. E. 62. The circuit court, in the original suit in equity for the removal of a certain cloud alleged to rest upon complainants' title, was without jurisdiction in that cause to determine the question of title as between these several independent, distinct and hostile claims. Such an independent and hostile claim, involving the whole property, and denying *in toto* and *ab initio* the title of the complainants, cannot be set up and adjudicated in a suit in equity. To permit this would authorize an adverse claimant to implead other claimants of the title in such a way as to substitute an equity suit for an action of ejectment.

As to the parties who were impleaded as defendants to the original suit, as it appears that they claim title under the same invalid deed under which the complainants claim, they were also properly denied any affirmative relief in this suit.

[4] Without intending to express any opinion as to the preponderance of the testimony, it appears to us that each of the adverse claimants was quite successful in showing

the invalidity of the claims of each of the others.   Like the lean cattle which Pharaoh in his dream saw emerge from the river, they have eaten the others up, but, nevertheless, they are themselves just as lean as they were at the beginning.   If the allegations of the original bill had been proved, doubtless the equitable relief prayed for could have been afforded.   As all of the parties to the original transactions are dead, and there is no written evidence of value, any conclusion which the court might reach would necessarily be conjectural and founded upon random guess, rather than based upon any sufficient proof.   When this is the case, a court of equity invariably denies relief, because a just determination and settlement of the controversy is impossible. Essential allegations which the parties to such a controversy cannot prove with reasonable certainty, cannot without evidence be assumed by the court to be true.   *Nelson* v. *Triplett,* 99 Va. 421, 39 S. E. 150; *Redford* v. *Clarke,* 100 Va. 115, 40 S. E. 630; *Hill* v. *Saunders,* 115 Va. 60, 78 S. E. 559.

Like the learned circuit judge, therefore, we find ourselves unable to determine these controversies under these pleadings and the evidence which was submitted.   The true title can only be determined in an action or actions of ejectment, or possibly by suit in equity under Code 1919, section 6248.   These remedies remain open to each of the claimants.

*Affirmed.*