# CHARLESTON.

RUSH ELKINS *et al. v.* O. S. HARE *et al.*

(No. 5934)

Submitted March 6, 1928.   Decided March 13, 1928.

PARTITION—*In Suit for Partition, Answer Denying Plaintiffs Owned Interest in Certain Land Held to Put Plaintiffs on Proof of Right to Partition (Code, c. 125, § 59).*

Where a material allegation of a bill is denied by the answer in a suit in equity, the effect of such denial is to put the plaintiff on satisfactory proof of such allegation.

(Partition, 30 Cyc. p. 244.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Mingo County.

Suit by Rush Elkins and others against O. S. Hare and others for partition and an accounting. From a decree for plaintiffs, defendants appeal.

*Reversed and remanded.*

*Bronson & Straton,* for appellants.

WOODS, JUDGES

This appeal is taken from an order of the circuit court of Mingo County decreeing partition of certain real estate and provides for an accounting by appellant as to his management thereof.

The bill sets up that plaintiffs, as joint owners of two several tracts of land—93.9 and 56.7 acres, respectively—did,

on the 5th day of November, 1917, convey a one-half undivided interest therein to appellant; that appellant, on the 18th day of December, 1917, transferred one-half of his interest to his sister, Nannie Hare Wainwright; that a portion of said real estate has since been laid off into town lots, being a sub-division of the town of Gilbert, and a number of said lots sold; that appellant has not accounted to plaintiffs for the receipts of said sales; that certain designated lots in said addition, as well as the land lying between said lots and the Guyandotte River, are owned jointly by the parties to the suit; and ends with a prayer for partition of the property remaining, or for sale and division of proceeds, if the same be not susceptible of partition, between plaintiffs and appellant and his sister, and that appellant be required to make an accounting.

The answer, among other things, specifically denied that the plaintiffs were the owners of the one-half undivided interest in that portion of the land sought to be partitioned lying outside the aforesaid subdivision, and points to the deeds, giving dates, grantees, and places of record in the clerk's office, whereby the plaintiffs parted with their title to such portion of the lands. This put the plaintiffs on proof as to their right to partition of any of the lands embraced in the tracts outside of the town of Gilbert. Code, Chapter 125, section 59; *Blubaugh* v. *Loomis,* 48 W. Va. 666; *Bronson* v. *Vaughn,* 44, W. Va. 406; Barton's Ch. Pr. (2nd ed.) 410. The decree entered on the bill and answer not only directed partition of the lots embraced in the addition to the town of Gilbert, but further adjudged and decreed "that partition be likewise made of that part of the real estate described in the bill and proceedings in this cause as a strip of land lying between the above described lots [addition to the town of Gilbert] of real estate and the waters of Guyandotte River." While the latter adjudication is indefinite as to the amount, it is plain that it is an attempt to partition land to which the plainiffs have not shown themselves entitled to have partitioned under the case made. This is error.

The record is very unsatisfactory. The exhibits made part of the bill, consisting of deeds of the property and maps (five

in number) showing the addition to the town of Gilbert, do not appear in the record, and there is no evidence that they were in fact filed with the bill in the court below. In view of the incomplete state of the record, we reverse the decree and remand the cause for further proceedings to be had therein according to the rules and principles governing courts of equity.

*Reversed and remanded.*