# Richmond

John Miller v. Marion Armentrout, and Others.

June 21, 1954.

Record No. 4189.

Present, All the Justices.

The opinion states the case.

*Hale Collins* and *John T. Delaney*, for the appellant.

*C. S. Minter*, for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This is a suit in chancery for the partition of a tract of 143 acres of land alleged to have been owned by Fielding P. Sizer at the time of his death in 1895. The bill was filed in 1948 by Marion Armentrout and H. F. Wright. It averred that by his will, copy of which was exhibited with the bill, Sizer devised the land, after the life estate of his wife, to his three daughters, namely, Diana J. Arritt, Martha A. Whiting and Mary M. Lowry, and to his granddaughter, Emma Miller, and that "by successive conveyances" one-half of the one-fourth interest of Diana J. Arritt vested in complainants and the other one-half thereof in Floyd J. Arritt, her son.

The bill further alleged that the heirs of Mary M. Lowry, without naming any of them, conveyed their one-fourth interest in said land to John D. Bowen, who died after the death of his wife leaving three children who inherited this one-fourth interest, one of whom was Ellen Bowen Miller, the wife of John Miller, the appellant. It was alleged that Ellen Bowen Miller and John Miller lived on the property for some time and then separated, but John Miller remained thereon and now claimed the 143-acre tract by adverse possession; that his possession was not in fact adverse but had been taken and held in the right of his wife. The bill averred that the land could not be divided in kind and prayed for a sale thereof and division of the proceeds.

Two amended bills were filed, the first alleging that in view of the ambiguity of the Sizer will it was possible that the devisees therein took only a life estate with remainder to the heirs of Sizer, who were made parties defendant. The second amended bill, after reciting that in the first two inadvertently no relief had been asked against John Miller, alleged that Miller's claim constituted a cloud on the title of the real owners; that Miller did not own and never had owned any interest in the land and prayed that his claim

be removed as a cloud on the title and that Miller be removed from the property.

Miller filed his answer to the bill as amended denying that Sizer or any of the parties to the cause claiming under him had any title to the land, and alleging that in March, 1931, he had taken possession of the land, which was then open and unclaimed, had fenced and improved it, paid the taxes on it and had ever since held it adversely to all claimants and now claimed the fee simple title thereto by adverse possession.

Depositions were taken by both sides, those for the complainants attempting to identify the Sizer heirs and to show that Miller's possession of the property was not adverse, and those for Miller attempting to prove that he had complete title by adverse possession.

By the decree appealed from the court held that Miller had failed to acquire title to the land by adverse possession, and that the fee simple title thereto was owned in undivided shares under the will of Fielding P. Sizer, as follows: One-eighth by complainants; one-fourth by John D. Bowen's three children; one-eighth by Floyd J. Arritt; one-fourth by Martha A. Whiting, if living; and one-fourth by Emma Miller, if living. It was decreed that the land was not divisible in kind and it was ordered sold.

Miller made several assignments of error to this decree but we find it necessary to consider only the charge that the trial court erred in overruling his motion to dismiss the complainants' bill after the proof was taken.* This motion should have been sustained.

---

*By a blanket order entered October 22, 1951, complainants' suit was dismissed under Code § 8-154 permitting that to be done when there has been no order or proceeding, except a continuance, for more than two years. On November 24, 1952, the date of the final decree, complainants moved to reinstate the cause, claiming that the dismissal was inadvertent and without notice to them. Miller objected because the motion for reinstatement was not made within the time prescribed by the statute. The court overruled the objection and reinstated the cause on the docket. That ruling is the subject of one of the assignments of error. As stated, we rest this decision on another ground and do not decide that question.

■ There was no proof of complainants' title adequate to give equity jurisdiction of their suit. Code § 8-690 provides that tenants in common, joint tenants, and coparceners shall be compellable to make partition, and provides that equity shall have jurisdiction in such cases. The complainants' bill merely alleged that "by successive conveyances, the title to the one-fourth (¼) interest of Diana J. Arritt vested in Marion Armentrout and H. F. Wright as to an undivided one-eighth (⅛)." No copy of any such conveyance was either filed with the bill or introduced in evidence; nor was it attempted to prove that any such conveyance existed. The only evidence touching upon the complainants' claim is the following in the deposition of Armentrout (the other complainant did not testify): On direct examination: "Q. I believe you claim you own an interest in this property? A. Yes, sir. Q. What interest do you claim? A. Suppose to own the Dianah Arritt interest. Q. In other words you and Mr. F. H. Wright jointly own an undivided one-eighth interest? A. Yes, sir. Q. I don't recall whether I have asked you or not. Did you know Floyd J. Arritt? A. No, sir, I did not. Q. Then you and Mr. Wright own the interest that Dianah Arritt owned in the Fielding P. Sizer land? A. Yes, sir." On cross-examination: "Q. You are claiming here now the interest, whatever interest, might come down through inheritance under the will of Fielding Sizer, is that right? A. Yes, sir."

Miller's answer denied that the complainants have or have ever had any title to the tract of land now in Miller's possession. This denial put the complainants on proof as to their title and their consequent right to invoke the aid of equity to make partition. *Elkins* v. *Hare*, 105 W. Va. 307, 142 S. E. 439; *Ashworth* v. *Cole*, 180 Va. 108, 21 S. E. (2d) 778. "Undoubtedly the complainant in a partition suit must aver and prove that he occupies such a relationship to the defendant as entitles him to invoke the equity jurisdiction." *Goodman* v. *Goodman*, 124 Va. 579, 582, 98 S. E. 625, 626. An estate in land is conveyed by deed

or will. Code § 55-2. The question having thus been put in issue, the title of the complainants and their right to partition was not established merely by the testimony of one of the complainants that he and his co-complainant claimed to own or were supposed to own an undivided one-eighth interest in the land. *Peatross* v. *Gray*, 181 Va. 847, 27 S. E. (2d) 203.

█ The complainants' bill should have been dismissed for the further reason that the proof disclosed a question of title not properly cognizable by equity in a partition suit.

*Bailey* v. *Johnson*, 118 Va. 505, 88 S. E. 62, was a suit for partition in which, after a sale of the property and distribution of the proceeds, persons not original parties filed a petition claiming the land, with the result, as stated in the opinion, "that if the original parties in whose favor the sale for partition was made had any interest at all in the land, they were the sole owners thereof, while *per contra*, if the parties who filed the petition in question have any interest at all in the land, they * * * are the sole owners." It was held that "The circuit court was without jurisdiction to determine in this cause the question of title between these two wholly distinct and hostile claims." 118 Va. at pp. 507-8, 88 S. E. at pp. 63-4.

That case was decided in 1916 when the statute in effect was § 2562 of Pollard's Code, 1904, permitting courts of equity in partition suits to "take cognizance of all questions of law affecting the legal title that may arise in any proceedings, as well between tenants in common, joint tenants, and coparceners as others." In the 1919 revision, Code 1919, § 5279, the words "as others" were omitted and the statute made to read as it now does in the 1950 Code, § 8-690, *supra*, giving to the equity courts jurisdiction of all questions of law affecting the legal title arising "between such tenants in common, joint tenants, coparceners and lien creditors." In the Revisor's Note to § 5279 it was explained that the change was made because of the suggestion

"that the former language might in some cases deprive third persons of their constitutional right of trial by jury."

By the terms of the present statute the power of courts of equity to adjudicate questions of law affecting the legal title in partition suits is confined to the conflicting claims of parties who may compel or be compelled to make partition. See *Jones* v. *Comer*, 123 W. Va. 129, 13 S. E. (2d) 578, 583; Minor on Real Property, 2d ed., Ribble, Vol. II, § 892.

In *Goodman* v. *Goodman, supra,* the defendant filed an answer claiming to be the owner of the fee and in possession of the land sought to be partitioned and denying that the plaintiff had any title. The court thereupon dismissed the bill, but this court reversed and held that where a bill states a good case for partition a defendant cannot defeat jurisdiction merely by denying the complainant's allegations and asserting a hostile claim to the whole property; but the court added: "It may be that when the case is fully developed upon the evidence the defendant can show that there has never been any community of interest at any time between him and the complainant; but upon the record as it now stands the case is clearly one for equity jurisdiction." 124 Va. at p. 584, 98 S. E. at p. 627.

Here it does not appear from the evidence that the questions of title are between tenants in common, joint tenants or coparceners. Miller claims complete title to the land, acquired not through any community of interest with any party to the suit who claims under Fielding P. Sizer, or any predecessor of his, but by adverse possession, entirely hostile to and independent of the title under which all the other parties to the suit claim an interest in the land. Nor does complainants' evidence in any way show that Miller took through or under Sizer. "An independent hostile claim going to the whole property involved, and denying *in toto* and *ab initio* the title of the parties claiming the joint ownership of the land, cannot be set up and

adjudicated in a partition suit brought by the latter." *Bailey v. Johnson, supra,* 118 Va. at p. 509, 88 S. E. at p. 64.

The decree appealed from is reversed and this suit is dismissed without prejudice to the right any party may have to proceed at law or under § 55-153 of the Code. See *Duty v. Honaker Lumber Co.,* 131 Va. 31, 108 S. E. 863.

*Reversed and dismissed.*