# CIRCUIT COURT OF PRINCESS ANNE COUNTY

Charlie Waterfield

 v.

Edward Waterfield et al.

October 8, 1956

Ended File No. 4484

BY JUDGE H. W. MACKENZIE, JR.

The exceptions filed by Grace Woodhouse Prince to the original and amended reports of the Commissioner in Chancery challenge the jurisdiction of this court to resolve the question of title between the Waterfields and Prince in this suit and also questions the correctness of the Commissioner's conclusion in finding that the Waterfields had title to the subject land. The ruling of the Court on the first of the above-mentioned exceptions will obviate the necessity of considering the second.

The bill alleges that the complainant's father, John C. Waterfield, died about 1900 seised of the tract of 52 acres in question which had been acquired by grant of the Commonwealth in 1886; that the grant was declared void in the suit of *Pender v. Cannon* in 1892 but that Waterfield had later acquired a deed from Pender and continued to occupy the land until his death. Following his death, the property is alleged to have been occupied by his heirs under a claim of right. The complainant asks for partition against the other heirs and, in addition, makes parties defendant persons owning property adjoining the same to the best information and belief of the complainant and, further, requests that the complainant and other heirs of John C. Waterfield be declared the fee simple owners, not only by record title, but by adverse possession, and that any cloud existing be removed.

An amended answer by the defendant Prince denies the Waterfield title *in toto* and asserts an entirely independent title to the entire tract and challenges the jurisdiction of this court to determine that issue in this proceeding.

Reference to a Commissioner in Chancery contains the usual inquiries, including determination of the Waterfield title. The confirmation of this report is now made the issue by the defendant Prince.

The defendant claims that this is essentially a partition suit, and such being the case, this court has no jurisdiction to determine between the conflicting title of the defendant, Prince, and the Waterfield heirs, which are entirely adverse to each other. On the other hand, the complainant claims that his suit is not limited to partition, but also asks for the removal of any cloud from his title which would of itself give the Court of Chancery jurisdiction to act.

If the defendant Prince's position were correct, this case would be governed by *Miller v. Armentrout*, 196 Va. 32, 82 S.E.2d 491 (1954), and the bill would have to be dismissed with nothing more, for it is clearly the holding of the *Miller* case that the determination of conflicting title questions in a partition suit is limited to those existing between the co-tenants, co-parceners, etc. However, the bill asks for removal of clouds on the Waterfield title existing in the other defendants, including Prince, albeit that the assertion of the entire adverse claim by Prince is not set forth in the bill and arises only with the filing of the amended answer by Prince.

The filing of the Prince answer and, indeed, the status of the case at the time of the entry of the Decree of Reference disclose no reason for the dismissal of the complainant's bill. The bill contained an allegation that the complainant and his co-heirs were in possession of the tract in question, and being in actual possession, they would have no right to attack the Prince claim of title in an ejectment suit in a law court. *See Goodman v. Goodman*, 124 Va. 579, 98 S.E. 625 (1919).

Now, however, the testimony taken before the Commissioner discloses that neither the plaintiff nor any of the other Waterfield heirs was in actual possession of the tract at the time of the institution of this suit. Such actual occupancy by the Waterfields seems to have terminated, at its latest, around 1950.

Under this state of facts, the case is governed by Va. Code § 55-153 of the Code of Virginia and upon the traditional chancery quia timet jurisdiction. Prior to the passage of the "White Act" which was the forerunner of § 55-153 of the Code of Virginia, the complainant's bill would now have to be dismissed because he is shown to be out of possession and would thus have his remedy in ejectment. However, § 55-153 provides that relief shall not be denied in equity because the complainant has only an equitable title and is out of possession. This section in its current form now provides that if an issue of fact be raised which, but for this section, would entitle either party to a trial by jury, the court shall, upon the request of the party so entitled, order such issues

tried by jury, and the verdict shall have like effect as if it were rendered in an action at law.

This case presents the exact situation which the statute in its present form was designed to cover. That is, the failure to establish actual possession on the part of the complainant does not result in the dismissal of his bill but when such fact appears, the case continues, and the title issue is tried by a jury as if the case had been brought on the law side originally, and with the same effect; and not as an issue out of chancery with the verdict being advisory only as was originally provided in the "White Act."

The defendant, Prince, bases her argument for dismissal on the ground that she is entitled to have the title question tried at law before a jury. The statute gives her that right, for she clearly would properly assert her title against the Waterfields in an ejectment suit and thus become a party "so entitled" under Va. Code § 55-153.

It is the conclusion of the court that the issue of title between the Waterfields and Prince is properly determinable in this case but that Prince is entitled as a matter of right to have the issue determined by a jury.

It is, therefore, not necessary to go into the question of the Commissioner's findings on the issue of title, and so much of the report as determines that the Waterfields have title as against the defendant Prince will not be confirmed.

Upon presentation of a proper decree providing for determination of the issue of title by jury, the same will be entered and the parties may leave the other phases of the Commissioner's report for later determination after the title question has been settled, if they see fit.