## CIRCUIT COURT OF BOTETOURT COUNTY

Harry Smith, Jr., et al.

v.

Tinker Creek Corp. et al.

January 23, 1976

Case No. 1699

By JUDGE ROSCOE B. STEPHENSON, JR.

Complainants, in a single cause, seek (1) to have the court set aside and declare null and void a certain tax deed purporting to convey the subject property, (2) to quiet title to said land, and (3) to compel partition of said land. John Junior Johnson, one of the defendants, by his demurrer contends that the bill of complaint should be dismissed because (1) it fails to state a cause of action upon which relief can be granted, and (2) it is multifarious.

Under the first ground of his demurrer, Johnson is in effect saying that in a single cause a court of equity cannot try title to land and also partition it. He relies upon *Bailey* v. *Johnson*, 118 Va. 505, 88 S.E. 62 (1916), and *Miller* v. *Armentrout*, 196 Va. 32, 82 S.E.2d 491 (1954). These cases hold that a court of equity does not have jurisdiction in a partition suit to determine the question of title between two wholly distinct and hostile claims. The partition statute (Code § 8-690) gives equity courts jurisdiction of all questions of law affecting the legal title arising "between . . . tenants in common, joint tenants, coparceners and lien creditors."

In the case at bar, the question relating to title, if one exists, has to do with a certain tax deed acquired by Tinker Creek Corporation, which complainants allege to be null and void. Neither Tinker Creek Corporation nor anyone for it has filed a pleading in this cause. The bill is taken for confessed as to Tinker Creek Corporation. This being so, it does not appear, as a practical matter, that the court is confronted with the issue which existed in *Bailey* and *Miller, supra.*

If, on the other hand, Tinker Creek Corporation had filed a pleading whereby it asserted an independent claim of title, and it thereupon became apparent to the court that the issue to be decided was one for a court of law, the bill would have to be dismissed. As the situation presently exists, the court cannot say that it does not have jurisdiction of the subject matter. *Goodman* v. *Goodman,* 124 Va. 579, 584, 98 S.E. 625, 627 (1919).

The second ground of Johnson's demurrer is closely akin to the first. He urges that the bill is multifarious and should be dismissed.

It is impossible for courts to lay down any general rule as to what constitutes a multifarious bill. Each case must be decided in the light of its own circumstances and the decision rests within the sound discretion of the court. *Johnson* v. *Black,* 103 Va. 477, 482, 49 S.E. 633, 635 (1905). It is the policy of courts of equity to prevent a multiplicity of suits, and, if it can conveniently be done, to settle in a single suit all controversies which affect a single subject matter. *Matney* v. *Yates,* 121 Va. 506, 93 S.E. 694 (1917); *Appalachia* v. *Mainous,* 121 Va. 666, 93 S.E. 566 (1917). *See, Phillips* v. *Wells,* 147 Va. 1030, 133 S.E. 581 (1926).

In the exercise of its discretion, the court is of opinion that under the facts and circumstances of this case the bill is not fatally defective on the ground of being multifarious.

Therefore Johnson's demurrer is overruled.