# Richmond.

## STEADMAN v. HANDY.

### JANUARY 28, 1904.

#### Absent, Cardwell, J.

1. SPECIFIC PERFORMANCE—*Bill by Vendee—Parties—Vendor's Wife— Inchoate Dower.*—Upon a bill filed by a vendee against a vendor for specific performance of a contract for the sale of real estate, the vendor's wife who has not signed the contract of sale is not a necessary party. If the vendee is willing to accept the title contracted for, his rights are unaffected by the outstanding inchoate right of dower of the vendor's wife. Nor can the vendee be defeated in his right to specific performance of the contract according to its terms by the fact that he may ultimately have to resort to the covenant of general warranty contracted for to protect himself against a claim of dower asserted by the vendor's wife after the death of her husband.

2. EQUITY PLEADING—*Decree Within the Pleadings.*—Specific performance should not be refused because the court thinks that the complainant is seeking to "keep another buyer out of the field" by false representations, when no such defence has been set up in the cause. A court can only decree on the case made by the pleadings.

3. SPECIFIC PERFORMANCE—*When Decreed.*—Specific performance should be decreed where the party seeking it has, at all times, been ready and willing to perform, and the contract is distinctly proved, its terms are clear, and it is reasonable, certain, legal, mutual, based upon a valuable consideration, and the parties are competent.

Appeal from a decree of the Circuit Court of Patrick county, in a suit in chancery, wherein the appellant was the complainant, and the appellee was the defendant.

*Reversed.*

The opinion states the case.

*E. J. Harvey* and *John W. Carter,* for the appellant.

*Hairston & Graveley,* for the appellee.

HARRISON, J., delivered the opinion of the court.

The bill in this case was filed by the appellant, M. V. Stead-
man, seeking to enforce specific performance of the following
contract, executed by the appellee, B. A. Handy:

"I have this day sold to M. V. Steadman my house and lot
at Stuart, Va., for $1,500.00, which I inherited from my son,
W. E. Handy, known as the Stonewall property, payable
$500.00 cash, payable to Peoples Bank, Stuart, Va., $450.00
in two weeks, and bal., $550.00, in thirty days, with general
warranty of title.  May 14, 1901."

There was a demurrer to the bill, in support of which two
grounds are suggested in argument:  (1) That the wife of the
appellee should have been made a party defendant; that if her
husband should convey she would be deprived of her right of
dower in kind, and that her interest, though inchoate and sub-
ject to be defeated, is vested.  (2) That to grant specific per-
formance of the contract, as prayed for, would leave the per-
sonal representative of the appellee liable to an action at law in
the future, should his wife survive and assert her dower rights.

The wife did not execute the contract, and was not a necessary
party.  The contract was executed by the appellee alone, and
he had a right to sell his interest in the property without regard
to whether or not his wife was willing to part with her contingent
dower right.  The bill expressly alleges that the appellant is
willing to take such title as the appellee has bound himself to
convey.  The right of appellant to have specific performance
of the contract is, therefore, not affected by an outstanding
inchoate right of dower.

A sufficient answer to the second ground of demurrer is, that the appellee has contracted to make a deed with general warranty of title, and the appellant only asks that the contract as written be enforced.

The answer filed by the appellee sets up the following defences: (1) That while appellee admits having signed a written agreement, he denies having signed the agreement exhibited with the bill. (2) That the $500.00 cash payment was to be deposited to the credit of appellee in the Peoples Bank, instead of being applied to encumbrances upon the property held by the bank. (3) That appellee had discovered that there was a vendor's lien upon the property for more than $300.00, and that he thought the property was bound for this lien, and that if he could get appellant to pay him $1,500.00 he would also have to pay the vendor's lien, thus making the property cost appellant more than $1,800.00, but that after signing the contract of sale he discovered that appellant was himself primarily liable for the vendor's lien, and had fraudulently concealed that fact from him. (4) That appellant had falsely represented to him that the building on the property was in an unsafe condition. (5) That the contract was executed upon condition that the wife of appellee should ratify it.

Not one of these defences is sustained by the evidence. The learned judge of the Circuit Court has filed, as part of the record, an opinion in writing, from which it appears that the defences set up by the answer were discarded as unfounded, and the conclusion that appellant was not entitled to have specific performance of the alleged contract was rested upon the sole ground that appellant, "was asking a court of equity to effectuate a transaction which he was seeking to carry through, in a measure, by keeping another buyer out of the field, and lulling him to silence and inaction by representing to him that he would purchase the property for him.

We are of opinion that the evidence relied on for this conclu-

sion does not warrant the construction placed upon it. We will not, however, enter upon a discussion of this evidence for the reason that it presents an issue not made by the pleadings. There is no hint of such a defence in the answer, and therefore, it cannot be made a ground for relief. The law is well settled that a court of equity can only decree on the case made by the pleadings. *Mundy* v. *Vawter,* 3 Gratt. 518; *Rorer Iron Co.* v. *Trout,* 83 Va. 415, 2 S. E. 713, 5 Am. St. 285; *Anderson* v. *Crescent Land Co.,* 96 Va. 257, 31 S. E. 82.

The allegations of the bill are fully sustained by the evidence. The contract is distinctly proven. Its terms are clear. It is reasonable, certain, legal, mutual, based upon a valuable consideration, made and entered into by competent parties, and the party seeking its enforcement has been at all times ready and desirous to perform. Under these circumstances there should have been a decree specifically enforcing the contract in accordance with the prayer of the bill.

For these reasons the decree appealed from must be reversed, and the cause remanded for further proceedings in accordance with the views expressed in this opinion.

*Reversed.*