### Richmond

## MARY GREEN GOD
#### v.
## DAVID A. HURT and EVA MOORE HURT

August 31, 1978.

Record No. 761253.

Present: All the Justices.

*Robert A. McGinnis (Craig A. Kawamoto; McGinnis & Craig,* on brief) for appellant.

*George F. Ball* for appellees.

PER CURIAM.

In this rehearing of *God v. Hurt*, 218 Va. 909, 241 S.E.2d 800 (1978), the only issue presented is: What should be the ultimate disposition of the suit, in view of the principle established in that decision?

There, the question addressed was whether the purchasers, the Hurts, under a contract by a married woman, Mrs. God, for the sale of real estate were entitled to specific performance of the contract, with an abatement in the purchase price due to the inchoate curtesy interest of the seller's husband, Mr. God. Holding that the trial court erred in ordering Mrs. God to convey with an abatement, we decided that specific performance of a contract to sell the real estate owned in fee by the wife, whose husband refused to release his inchoate curtesy interest, should not be decreed unless the purchaser was willing to accept a deed without the relinquishment of such curtesy interest, and asked no abatement in the purchase price set forth in the contract. The Hurts' petition for rehearing acknowledges the validity of that principle of law, but they now seek specific performance without abatement. The problem arises in the following manner.

At the inception of this suit in the trial court, the prayer of the Hurts' bill of complaint contained a general request for specific performance of the contract, not designating whether such should be with or without abatement of the purchase price. In a memorandum of law filed below, the Hurts urged the chancellor to decree either a rescission of the contract, specific performance with abatement, or that Mrs. God be required to obtain from her grantor a deed of correction containing language sufficient to give her a valid sole and separate equitable estate so that she could pass title to the Hurts independently of her husband. The trial court, deciding in favor of the Hurts, gave them the choice of either (1) specific performance with an abatement or (2) "abandonment" of the contract. The Hurts selected the former option. We accordingly noted in our decision reversing the court below that the "Hurts sought to force Mrs. God specifically to perform *only* with an abatement", 218 Va. at 914, 241 S.E.2d at 804, and dismissed the bill for specific performance.

The Hurts now contend that "[t]he relief originally sought by [them], that of specific performance alone, was not offered as a choice of remedies and therefore could not be elected by [them]". They say that to attain the ends of justice and to reach an equitable result, we should now order Mrs. God to specifically perform the contract to the extent of her ability to convey, without any abatement in the purchase price. They contend that any other disposition of the case will deprive them of "the home they have lived in and in good faith have been paying for since 1969." We note that ten days after our decision was announced, Mrs. God served on the Hurts a thirty-day Notice to Quit the premises in question.

While not filing a brief in reply to the petition for rehearing, Mrs. God argues at the bar that the Hurts made an election of remedies in the trial court in seeking specific performance with an abatement. She contends that the Hurts are now barred from seeking a different remedy, advanced for the first time after the suit has been decided against them. Additionally, Mrs. God argues that the contract, which requires conveyance with "a General Warranty Deed", cannot be specifically enforced against her because she is prevented from giving a general warranty deed in view of her husband's curtesy interest. We reject these contentions.

The Hurts did not make a binding election of remedies. They, quite naturally, sought to obtain the most advantageous type of relief in the trial court; they argued for specific performance with, not without, an abatement. However, when the time came for them to elect, one of the choices afforded them by the chancellor was erroneous, as we have decided. But pursuit of a remedy created by the trial court which is legally nonexistent and unavailable does not constitute an election. *See Weinstein v. Glen Falls Insurance Co.*, 202 Va. 722, 728, 119 S.E.2d 497, 501 (1961). Thus, the Hurts should not be barred from now seeking a remedy properly within the scope of the relief initially sought, *i.e.*, specific performance of the contract, when one of the choices afforded them by the trial court was contrary to law.

■ And specific performance will not be refused here merely because the contract required conveyance with general warranty of title. Under these circumstances, "equity will decree specific performace so far as the vendor is capable of performing [the] contract, if the vendee be willing to receive the same." *M'Cann v. Janes*, 40 Va. (1 Rob.) 256, 259 (1842); *see May v. Bradley*, 201 Va. 295, 110 S.E.2d 520 (1959); *Ford v. Street*, 129 Va. 437, 106 S.E. 379 (1921); *Steadman v. Handy*, 102 Va. 382, 46 S.E. 380 (1904).

Consequently, the last paragraph of our earlier opinion is hereby modified and our earlier mandate will be vacated.

For these reasons, the decree entered below on May 27, 1976, and the decree of December 17, 1975 (which included an award of counsel fees and costs to the Hurts), will be reversed in their entirety. This suit will be remanded to the trial court with direction to enter, upon request of the Hurts, another decree requiring Mrs. God specifically to perform the contract in question, so far as she is capable, without any abatement in the purchase price on account of the curtesy interest of Mr. God.

The Hurts having substantially prevailed here will recover their costs on appeal.

*Reversed and remanded.*