## Richmond

JACK E. JACOBS

v.

CHERYL LYNN MEADE, EXECUTRIX, ETC.

Record No. 811718.

April 27, 1984.

Present: All the Justices.

*Robert Henry Klima* for appellant.
*Gary A. Howard (William R. Stephens; Stephens, Boatwright & Howard*, on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

The dispositive issue in this appeal is whether the statutory law of Virginia enables a husband, as well as a wife, to acquire a sole and separate equitable estate in real property.

Code § 64.1-19 gives a husband a curtesy interest in fee simple in a deceased wife's real estate. The statute provides, in part, that:

> "A surviving spouse shall be entitled to a dower or curtesy interest in fee simple of one third of all the real estate whereof the deceased spouse or any other to his use was at any time seized during coverture of an estate of inheritance, unless such right shall have been lawfully barred or relinquished."

Code § 64.1-21 permits a wife's grantor to defeat a husband's curtesy right by creating a sole and separate equitable estate, but does not explicitly allow a husband's grantor likewise to defeat a wife's dower interest. The statute provides that:

> "A surviving husband shall not be entitled to curtesy in the equitable separate estate of the deceased wife if such right thereto has been expressly excluded by the instrument creating the same, or if such instrument, . . . describes the estate as her sole and separate equitable estate."

In 1973, a plurality of the Supreme Court of the United States held that, under the Federal Constitution, classifications based upon sex, like classifications based upon race, alienage, and national origin, are inherently suspect and must be subjected to close judicial scrutiny. *Frontiero* v. *Richardson*, 411 U.S. 677, 682 (1973). Apparently in response to *Frontiero* and other Supreme Court decisions involving gender-based classifications, *see, e.g., Reed* v. *Reed*, 404 U.S. 71 (1971); *Weinberger* v. *Wiesenfeld*, 420 U.S. 636 (1975); *Craig* v. *Boren*, 429 U.S. 190 (1976), the General Assembly enacted Code § 64.1-19.1 in 1977. The statute provides:

"Where the word 'curtesy' appears in this chapter of the Code, it shall be taken to be synonymous with the word 'dower' as the same appears in this chapter or this Code, and shall be so construed for all purposes."

The present case was tried on a stipulation of facts. In 1960, Henry Leroy Foltz and Leona C. Foltz, his wife, purchased a parcel of land in Prince William County as tenants by the entirety with the right of survivorship. He died in 1975. While a widow, she executed a will devising the property to her daughter and granddaughter.

On April 8, 1977, the widow recorded a deed conveying the property to herself as her sole and separate equitable estate. Later that day, she married the appellant, Jack E. Jacobs. She died in 1980.

In February of 1981, the husband filed a renunciation of the will of his wife under Code § 64.1-13 and filed the present suit seeking to enforce his curtesy rights in the real estate. Named as party defendant was the daughter, appellee Cheryl Lynn Meade, who qualified as executrix of the estate of her deceased mother.

The executrix defended on the basis the wife held the realty as an equitable separate estate. The husband claimed § 64.1-21 is unconstitutional on equal protection grounds because the statute fails to grant husbands the same rights granted wives.

The trial court did not reach the constitutional question. Holding that § 64.1-21 and § 64.1-19.1 must be construed together, the chancellor ruled in favor of the executrix and decided that husbands, like wives, are able to create sole and separate equitable estates in Virginia.

On appeal, as in the trial court, the husband concedes that the language of the 1977 deed is sufficient to create in the wife a sole and separate equitable estate in the subject property. He agrees that the wife clearly intended to reserve the property to pass to her daughter and granddaughter under a "carefully detailed scheme described in her Will." He also concedes that, if § 64.1-21 is valid, it bars his right to curtesy in the property. He contends, however, the trial court erred in ruling that when § 64.1-21 and § 64.1-19.1 are construed together, they enable a husband to create a sole and separate equitable estate in realty.

The husband argues that the operative people-designating nouns in § 64.1-21 are "husband" and "wife," and the operative pronoun in the last clause is "her." He contends that while § 64.1-19.1 allows "dower" and "curtesy" to be interchanged, the statute does not provide for the substitution of "husband" for "wife" and "him" for "her." He says that § 64.1-19.1 "represents the worst possible legislative draftsmanship" and that this " 'Band-Aid' Statute" should not be interpreted to achieve the broad result of "desexing" § 64.1-21. He argues that § 64.1-19.1 "may be inadvisable at best and ridiculous at worst," but this Court should not rewrite the statute to make the words "husband" and "wife" and "him" and "her" interchangeable in § 64.1-21. To do so, the husband says, would amount to prohibited judicial legislation.

The husband also contends the trial court erred in not addressing the constitutional issue and in not deciding, on the basis of *Frontiero*, that § 64.1-21 violates the Equal Protection Clause of the Fourteenth Amendment of the Constitution. But he also concedes that if we reject his first argument, we do not reach the latter issues. We address only the threshold question.

■ Every act of the legislature is presumed to be constitutional. Moreover, "a statute will be construed in such a manner as to avoid a constitutional question wherever this is possible." *Eaton* v. *Davis*, 176 Va. 330, 339, 10 S.E.2d 893, 897 (1940). Thus, in the face of a constitutional attack, the trial court properly concentrated on construing § 64.1-21. We shall do likewise.

For many years, the "consistent trend" in Virginia, and throughout the nation, has been to make the law governing a spouse's rights to both real and personal property uniformly applicable to husband and wife. Spies, *Property Rights of the Surviving Spouse*, 46 Va. L. Rev. 157, 160 (1960). Code § 64.1-19.1 was enacted in the latter part of the 1970s amid the foregoing

trend that was accelerated by the sex-classification cases already mentioned, which were decided earlier in that decade.

■ Against this background, we examine § 64.1-19.1 to determine its meaning and scope. Plainly, "dower" and "curtesy" are made synonymous by the enactment. Explicitly, the synonymity applies to all related sections of Chapter 2 of Title 64.1, including § 64.1-21. Importantly, the terms shall be synonymous *"for all purposes."*

■ While clear in most respects, § 64.1-19.1 is ambiguous and incomplete, however, as to the treatment to be given words that may be associated with "dower" and "curtesy" in statutes. But when § 64.1-19.1 and § 64.1-21 are read together, it is manifest that a husband can acquire a sole and separate equitable estate in realty in Virginia. To hold otherwise would be to decide that "dower" and "curtesy" are synonymous in § 64.1-21 for a limited purpose or for no purpose at all. In other words, "dower" and "curtesy" would be interchangeable in the section, but the nouns and pronoun designating people in the statute would remain unchanged, thereby creating an absurdity. It is the court's duty, however, to construe statutes so as to avoid absurd results. *McFadden* v. *McNorton*, 193 Va. 455, 461, 69 S.E.2d 445, 449 (1952). Thus, interchange of "curtesy" and "dower" requires substitution of "husband" for "wife" and "him" for "her."

Consequently, we hold that, when construed with § 64.1-19.1, § 64.1-21 provides that a surviving *wife* shall not be entitled to *dower* in the equitable separate estate of the deceased *husband* if such right thereto has been expressly excluded by the instrument creating the same, or it such instrument describes the estate as *his* sole and separate equitable estate. *See God* v. *Hurt*, 218 Va. 909, 913 n., 241 S.E.2d 800, 803 n. (1978). *Cf.* Code § 1-13.7 ("A word importing the masculine gender only may extend and be applied to females and to corporations as well as males").

Accordingly, we are of opinion the trial court correctly construed § 64.1-21. The judgment appealed from will be

*Affirmed.*