## CIRCUIT COURT OF WARREN COUNTY

Town of Front Royal

 v.

T. Brooks Mims

### July 2, 1986

### Case No. (Law) 7503

## By JUDGE HENRY H. WHITING

The Town claims that the property owner is estopped from claiming the value of the improvements made by the condemnor before it had any legal right to enter the premises in this condemnation action because he has previously sued the Town for trespassing in the erection of these improvements and also to require the removal of the sewer line. Nothing further is alleged to have been done by the property owner beyond the filing of the motion for judgment in that law action.

The Town cites a number of cases in support of its claim of estoppel; they are inapposite. Suffice it to say each one of them involves the taking of inconsistent positions *on the facts*. The two cases cited by the property owner do deal with taking erroneous positions on questions of law and are somewhat closer to the issue but not directly in point.

The resolution of this issue turns upon the doctrine of *election of remedies*. Some Courts hold that the mere filing of an action or suit constitutes the election of a remedy and precludes the filing of a later action or suit seeking some different remedy, § 16, *Election of Remedies*, 25 Am. Jur. 2d 658; Annotation 6 ALR2d 18. Other Courts take the position that there can be no election of remedies until the first remedy is pursued to judgment.

*Ibid.* Judge Keith characterized the three different positions on election of remedies and declined to choose one of them in the following language:

> As to what act constitutes an election is the subject of conflict among the adjudicated cases. By some it is held that the bringing of the suit is an election, by others that the suit must be prosecuted to judgment, and by yet a third class that the judgment must be satisfied. We are not called upon to discuss--far less reconcile--these cases. *Richmond, etc. R. Co. v. New York, etc. R. Co.,* 95 Va. 386, 396, 28 S.E. 573, 576 (1897).

In a later case, *Pollard & Bagby v. Morton G. Thalheimer Co., Inc.,* 169 Va. 529, 194 S.E. 701 (1938), the Court held that the prosecution of an action at law by one real estate broker against another to recover half of a real estate commission resulting in a hung jury did not preclude the plaintiff from taking further action upon a chancery suit for an accounting brought by it against the other broker based on the claim of a joint adventure. This chancery suit had been filed earlier than the law suit but lay dormant while the law suit was being tried. The defendant broker claimed there had been an election of remedy, but the Court said in a somewhat opaque opinion that there had been no election of remedies by the mere filing of the earlier chancery suit, relying upon principles of estoppel and indicating that the plaintiff got no benefit from the common law trial and the defendant lost no right even though he had been put to the trouble and expense of defending the law suit and therefore, "We do not think that the bare fact that there was a common law mistrial constituted an estoppel." 194 S.E. at 704. *Thalheimer* was cited and quoted extensively in *Jennings v. Realty Developers, Inc.,* 210 Va. 476, 481 (1970), in holding that the filing of a suit for specific performance against a purchaser to force him to take the property did not preclude the filing of a later law action to recover damages for the failure to take the property in breach of the contract, the Court indicating:

Consistent with *Pollard & Bagby v. Thalheimer, supra,* we hold that the mere institution of a suit in chancery does not necessarily of itself constitute an election of remedies and preclude the bringing of an action at law; that where two proceedings are instituted on the same set of facts, the defendant can compel the plaintiff to make an election; and that there can be only one recovery where the cause of action involves the same parties and touches the same subject matter. *Id.,* at 482.

If the first action proved unavailing to the plaintiff because he had no remedy thereon, there can be no election according to *Glens Falls Insurance Co. v. Weinstein,* 202 Va. 722 (1961). In the first law action the insured lost because the Court held that the policy had to be reformed to reflect the true agreement before there could be any recovery thereof and that could only be done in equity. When a subsequent suit in equity was filed the insured was met with a plea of estoppel because of the judgment in the law action and because the allegations in the later equity suit were inconsistent with those set forth in the previous law action. The contention that the chancellor erred in not applying the doctrine of election of remedies and estoppel was denied because:

The judgment in the law case did not determine the case on its merits . . . . There was no finding that the plaintiffs were not entitled to recover on the merits of their claim. The pursuit of a supposed but non-existent remedy does not constitute an election [citing authority]. *Id.,* at 728.

In the more recent case of *God v. Hurt,* 219 Va. 160, 162 (1978), *Weinstein* was cited as authority for the proposition that a purchaser did not elect the remedy of specific performance by the seller with an abatement because her husband would not sign the deed by claiming that, and if it was later held that she could not get this abatement the purchaser could ask for alternate relief, taking the property without an abatement.

The application of principles of estoppel in the above Virginia cases indicates to me that there must be some change of position and detriment to the other party at the very least before an election of remedies is applied. No such showing has been made in this case and therefore the motion filed June 11, 1986, that the property owner be estopped from claiming the value of the improvements is denied.