CHARLES F. BASS, JR., ET AL.

v.

GARY L. SMITH

Record No. 840734

September 4, 1987

Present: All the Justices

John M. Carter (*Dietrick and Carter, P.C.*, on briefs), for appellants.

Jesse J. Johnson, Jr. (*Eure and Johnson, P.C.*, on brief), for appellee.

PER CURIAM

This is an appeal from a decree granting a buyer's prayer for specific performance of a contract for the sale of realty and ordering the sellers' wives, strangers to the contract, to join in the deed of conveyance.

Under the contract, John M. Carter and Charles F. Bass, Jr., agreed to sell and Gary L. Smith agreed to buy a tract of land. The sellers' wives did not join in the contract. Smith filed a bill of complaint, ultimately amended to demand specific performance, against Carter and Bass. The chancellor heard evidence and concluded that Smith was entitled to specific performance. Advised by Smith's counsel that the sellers' wives were unwilling to join in a deed to Smith, the chancellor ruled that "it would be totally inequitable to allow the wives of the [sellers] to refuse to sign and claim a dower interest." In a final decree, the chancellor granted Smith specific performance and ordered "that [sellers] and their spouses sign a proper deed of conveyance . . . ."

On appeal, the sellers raise two questions keyed to their several assignments of error. We need consider only one. The sellers contend that the chancellor erred in ordering their wives to sign the deed. We agree. Because the wives were not party-litigants, the trial court lacked personal jurisdiction to enter such an order.

In response to questions from the bench, Smith's counsel insisted that, notwithstanding this error, we should affirm the decree without modification. Hence, it appears that Smith is unwilling, as he was in the trial court, to perform his part of the contract unless he receives a deed conveying title unencumbered by the inchoate dower interests of the sellers' wives. In such case, Smith is not entitled to a decree for specific performance.

> Generally when a vendor of real estate is unable to convey all he has agreed to sell, a purchaser may force the vendor specifically to perform the contract to the extent of the vendor's ability to convey, with an abatement in the purchase price for the deficiency . . . . But this general principle is not applicable to cases where a husband contracts to sell land and the wife refuses to join in the conveyance to release her inchoate dower right. Under such circumstances, unless the purchaser is willing to pay the *full purchase price*, deducting

nothing on account of the wife's failure to release her dower, the husband cannot be compelled to convey at all.

*God* v. *Hurt*, 218 Va. 909, 913, 241 S.E.2d 800, 803 (emphasis in original), *modified on other grounds*, 219 Va. 160, 247 S.E.2d 351 (1978).

We will reverse the decree and enter a final decree in this Court dismissing the bill of complaint.

*Reversed and final decree.*