## CIRCUIT COURT OF SHENANDOAH COUNTY

Baker

v.

Baker

August 30, 1988

Case No. (Chancery) 2196

By JUDGE PERRY W. SARVER

Set forth herein is the ruling of the Court with respect to the applicability of Code § 55-40 to an "Agreement Extinguishing Marital Rights of Dower and Curtesy" between Roland F. Baker and Patsy Davis Baker, husband and wife, and acknowledged by them on October 14, 1974. A copy of this Agreement is filed with the pleadings and may be found in the Clerk's office of the Circuit Court of Shenandoah County in Deed Book 340, page 751.

Roland and Patsy Baker were married September 12, 1970. Each had prior marriages, had children from said marriages, and owned real estate in their individual names. Mrs. Baker held her property as her sole separate estate, while Mr. Baker's real estate was in his name alone. Copies of deeds to the properties were filed with the papers in this cause, produced at the hearing, and may be found of record in Deed Book 310, page 549, and Deed Book 236, page 473, respectively of the aforementioned Clerk's office.

The Agreement between the parties, after reciting that each had acquired separate properties which they held individually, further recited that it was their desire that upon the death of one, "the survivor would not acquire any right by inheritance in the estate of the other, whether marital or otherwise." The Agreement further provided that each did forever release, extinguish, and renounce

any and all rights that each had in the estate of the other, including rights by way of dower or curtesy, vested or contingent. Said Agreement applied to all property of the parties, real, personal, or mixed.

Roland Baker made his will on October 14, 1974; he died on January 2, 1982, and his will was probated in Shenandoah County on January 6, 1982. In his will Mr. Baker devised all of his property to his children except for a specific bequest of a watch to his granddaughter. In Paragraph FIFTH he recited that no provision was made for his wife, Patsy, as she had adequate assets of her own and that he and Mrs. Baker had waived their marital rights in each other's property and estate. Mrs. Baker renounced the will by document dated February 23, 1982, and recorded in the aforesaid Clerk's office in Deed Book 69, page 697, claimed her dower rights and instituted this partition suit to partition said property based upon an undivided one-third dower interest in fee simple, with Mr. Baker's children owning the remaining two-thirds.

Mrs. Baker relies upon the protection of Code Section 55-40 and says that because of this code section, her release of contingent dower rights was ineffective. Defendants respond by saying that Code § 55-40 is unconstitutional gender based legislation which does not serve an important governmental objective and which is substantially related to the achievement of that objective, and thus should not be enforced. *Schilling v. Bedford*, 225 Va. 539, 303 S.E.2d 905 (1983). Plaintiff by way of rebuttal, tacitly admits the unconstitutionality of the statute, but says that the Court can broaden the application of this statute so as to meet the requirements of equal protection by holding that the statute applies to males as well as females.

The court has been much too long in stating its ruling on the questions presented in this case. I have a natural reluctance in refusing to apply a statute that has been in existence for so many years and was executed for an important social purpose as was this statute, along with the remaining married women's statutes found in Chapter 33 of Title 55 of the Code. However, times have changed. The inequalities of the sexes have vanished. The husband is not favored over the wife in law, and it is no longer valid to assume that the wife is subject to improper in-

fluence from husband and that special legislation is necessary to protect her property rights. The equal protection clauses of the U.S. Constitution (Amend. XIV, Sec. 1), and the Virginia Constitution (Art. I, § 11) do away with the necessity of such legislation.

While this Court must take cognizance of those changes, the enactment of the Virginia Constitution in 1971 and its application along with recent interpretations of the 14th Amendment of the U.S. Constitution to gender based legislation, there is a natural reluctance to find a statute unconstitutional in our system of law in which stare decisis plays such a significant role. Ancient policies, dogmas and roles, though technically abolished, often rule us from their graves. Spies, *Property Rights of the Surviving Spouse*, 46 Va. L. Rev. 157 (1960) at page 158. Outdated statutes continue in use, though the purpose of their enactment has been accomplished and the necessity for such no longer exists. Therefore, this Court holds that this statute should not be enforced by reason of the fact that it is a gender based classification not substantially related to serving an important governmental interest. *Schilling* at 493. The wife is given the benefit or protection of the statute and such is not available to husband. There no longer is any important public interest to serve.

Plaintiff argues that the statute should remain and be extended to protect husband's contingent curtesy rights in the same manner. This was suggested as a solution in *Schilling, Id.* at 493 but rejected by the Supreme Court. The Court recognized that this had been done in other jurisdictions, stating that, "this task, if advisable, is better left to the General Assembly."

I am of the opinion that if Code § 55-40 is to be extended to benefit husband with respect to his curtesy rights, then such should also be done by the General Assembly.

The situation in the case now before the Court is not the same as in *Jacobs v. Meade*, 227 Va. 284, 315 S.E.2d 383 (1984). In that case the Supreme Court held that a husband was entitled to hold title to real estate as his sole and separate equitable estate, thus depriving wife of her dower interest in said real estate, a right

previously enjoyed only but the wife pursuant to Code Section 64.1-21.

The difference between *Jacobs* and *Schilling* is that in *Jacobs* the General Assembly had enacted legislation permitting this expanded construction of the statute when it enacted Code § 64.1-19.1 which provides that the words dower and curtesy are synonymous as the same appear in that chapter (i.e. Chapter 2 of Title 64.1 of the Code) and they shall be so construed for all purposes. The Court, citing 46 Va. L. Rev. 157 at page 160 stated that, "[f]or many years, the 'consistent trend' in Virginia, and throughout the nation, has been to make the law governing a spouse's rights to both real and personal property uniformly applicable to husband and wife." The General Assembly saw fit to apply Code Section 64.1-19.1 only to Chapter 2 of Title 64.1 and not to any other sections of the Virginia Code that address dower or curtesy.

This Court recognizes that every act of the legislature is presumed to be constitutional and that a statute will be construed in such a manner as to avoid a constitutional question wherever this is possible. *Jacobs* at page 287 citing *Eaton v. Davis*, 176 Va. 330, 10 S.E.2d 893 (1940). However, this Court, for those reasons already stated, has no statutory basis to expand the application of Code Section 55-40 and to say that it is equally applicable to the husband as well to save it from a constitutional attack. Only the General Assembly can do so.

Counsel for defendants are directed to prepare a final decree declaring that Code § 55-40 is unconstitutional and unenforceable as applied to the facts in this case, the Agreement between Roland and Patsy Baker releasing their dower and curtesy rights in the estates of each other is valid and enforceable, that Patsy Baker has no interest in the estate of Roland Baker, deceased, and thus has no interest in the real estate described in this partition suit, and the same is dismissed for those reasons set forth in this letter which shall be incorporated into said decree by reference thereto.