*36 JUSTICE WHITING,
with whom JUSTICE KEENAN joins, dissenting.
In my opinion, the majority has misconstrued Code § 8.01-380 as a grant of a statutory right when it is actually a restriction upon a common-law right. Thus, this section does not specify the requirements for obtaining a nonsuit at common-law, including the requirement of service of process on the defendant. Instead, the statute merely imposes additional restrictions upon the use of this common-law procedure.
I base my opinion upon a consideration of (1) the basis and long-standing use of nonsuits at common-law, and (2) the following statutory provisions:
A party shall not be allowed to suffer a [voluntary] non-suit as to any cause of action or claim, or any other party to the proceeding, unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision.
Code § 8.01-380(A) (emphasis added) (the nonsuit statute).
If a plaintiff suffers a voluntary nonsuit as prescribed in [Code] § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the non-suited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation . . . whichever period is longer.
Code § 8.01-229(E)(3) (emphasis added) (the nonsuit tolling statute).
[I]f any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.
Code § 8.01-229(E)(1) (emphasis added) (the dismissal statute).
*37 “Nonsuit at common-law was the judgment given against the plaintiff when he was not in court to answer to the demand of the defendant.” Neil C. Head, The History and Development of Non-suit, 27 W.Va.L.Q. 20, 21 (1920) (emphasis added). According to Blackstone:
[I]f the plaintiff neglects to deliver a declaration for two terms after the defendant appears . . . , he is adjudged not to follow or pursue his remedy as he ought to do, and thereupon a nonsuit or non prosequitur is entered; and he is said to be nonpros.’d. And for thus deserting his complaint, after making a false claim or complaint ... he shall not only pay costs to the defendant, but is liable to be amerced to the king.
3 William Blackstone, Commentaries *295-96 (1768) (emphasis added).
A Virginia commentator, citing applicable Virginia statutes, noted that:
If the plaintiff neglects to file his declaration on the rule day at which the process is returned executed, the defendant may give him a rule to declare, and if he fails or neglects to do so at the next rule day, which is one month after, or if he at any time fails to prosecute his suit (1 R.C. ch. 128, § 72,) he is adjudged not to follow or pursue his remedy as he ought to do [and] a nonsuit ... is entered.
2 Henry St. George Tucker, Commentaries on the Laws of Virginia 251 (1837) (emphasis added).
And the following nonsuit statutes in Virginia reflected the common-law rule:
A defendant may appear at the rule day at which the process against him is returnable, or, if it be returnable in term, at the first rule day after the return day, and, if the declaration or bill be not then filed, may give a rule for the plaintiff to file the same. If the plaintiff fail to do this at the succeeding rule day, or shall, at any time after the defendant’s appearance, fail to prosecute his suit, he shall be non-suited, and pay the defendant, besides his costs, five dollars.
*38 Code § 8-86 (repealed Acts 1954, c. 593); Code § 6078 (1942); Code § 6078 (1919); Code § 3240 (1887); Code 1849, c. 171 § 5.
The plaintiff shall file his declaration in the clerk’s office on the rule day at which the writ or other process shall be returned executed; or, the defendant having entered his appearance, may give a rule for the plaintiff to declare; which if he fails or neglects to do, at the succeeding rule day, or shall at any time fail to prosecute his suit, he shall be non-suited, and pay to the defendant or tenant, besides his costs, five dollars.
Code 1819, c. 128 § 72 (emphasis added).
[I]n all personal actions the plaintiff shall file his declaration, within one month after the defendant shall have entered his appearance with the clerk in the secretary’s office, and if the plaintiff shall fail or neglect so to do, or if any plaintiff or demandant fails to appear and prosecute his suit, he shall be nonsuit.
That where any nonsuit shall be awarded, there shall be paid for the same, to every defendant or tenant, one hundred and fifty pounds of tobacco, and costs. . . .
Acts 1753, c. 1 § 24; 6 William Waller Hening, Statutes at Large 335. (Emphasis added.)
I read these statutes (1) as reflecting the common-law right to “suffer a nonsuit” after a defendant has been served, and (2) as imposing a penalty upon that common-law right. As this Court said in applying Chapter 72 of the Code of 1819, the five-dollar penalty provision justly imposes
a penalty on the Plaintiff for vexing his adversary with a suit, which is afterwards abandoned, and giving some remuneration to the Defendant, for the expense and trouble to which he has been exposed [and] extends, in our opinion, to all cases of a voluntary desertion of the cause by the Plaintiff after the appearance of the Defendant, whether that desertion shall happen in a failure to declare; to answer his adversary in any of the subsequent stages of the cause before *39 issues are formed; or shall be occasioned by the dismission, or discontinuance of the suit after an appearance.
Pinner v. Edwards, 27 Va. (6 Rand.) 675, 677 (1828) (emphasis added.)
Henry St. George Tucker’s comment and these statutes also reflect the common-law evolvement of the voluntary nonsuit. Thus, the plaintiffs failure to file the necessary declaration was expanded to permit him to “suffer” the voluntary nonsuit even though he was actually present in court. Slocum v. New York Life Ins. Co., 228 U.S. 364, 392 (1913); James L. Tucker, Note, The Voluntary Nonsuit in Virginia, 1 Wm. & Mary L. Rev. 357 (1966). The General Assembly indicated its awareness of this evolution by imposing additional restraints upon this common-law right in its enactment of the ancestor of the present nonsuit statute containing the following restriction upon the common-law right “to suffer” a voluntary nonsuit during trial: “Every person desirous of suffering a non-suit, on trial shall be barred therefrom, unless he do so before the jury retire from the bar.” Acts 1788, c. 67 § 61; 12 William Waller Hening, Statutes at Large 749. This restriction has been refined and continued in the present non-suit statute.
In this common-law and statutory setting, the General Assembly enacted a nonsuit tolling statute in 1977. Implicit in this enactment was a recognition that the defendant had been served with process at the time of the nonsuit. Acts 1977, c. 617. Given this background, I conclude that the General Assembly did not feel it necessary to state the obvious — that a defendant had been served with process before a nonsuit order was “appropriate.”[1]
Accordingly, I do not regard the requirement of service of process upon the defendant as a “judicial fiat,” but a construction of *40 the statute consistent with the history of nonsuits in Virginia and in the manner intended by the General Assembly. This construction reflects a fair balancing of the rights of both parties and makes sense in the context of at least two restrictions upon the plaintiffs nonsuit rights that were enacted in 1983 and set forth in Code § 8.01-380(A) and (B): after a nonsuit, ordinarily, the new action must be filed in the same court and a defendant can object to a second nonsuit.[2] Acts 1983, c. 404. If the defendant never knew of the first action, how could he assert either of these objections? And this construction is consistent with our practice of avoiding, whenever possible, a construction of statutes in a manner that raises the constitutional issues discussed by the majority. See Jacobs v. Meade, 227 Va. 284, 287, 315 S.E.2d 383, 385 (1984); Eaton v. Davis, 176 Va. 330, 339, 10 S.E.2d 893, 897 (1940).[3]
Here, to avoid the restriction of Rule 3:3(c),[4] the plaintiff could have had her “commenced,”[5] but unserved, action dismissed and received the benefit of the tolled period of the dismissal statute — the nine-day period remaining in the original statute of limitations at the time she filed the action. However, the plaintiff sought the longer period of six months under the nonsuit tolling statute — a period entirely unrelated to the original period of the statute of limitations. Unlike the majority, I think the plaintiff had to obtain service of process upon the defendant to avail herself of this extra six months.
For these reasons, I would affirm the judgment of the trial court.

 I believe the majority’s misconstruction is best reflected in its statement that “there was no dispute at the time the nonsuit order was entered about the propriety of the trial court’s action in granting the nonsuit.”
How could there have been a dispute when the defendant had no notice of (1) the pendency of the action, or (2) the plaintiffs plan to nonsuit her case “at the time the [ex-porte] nonsuit order [prepared by plaintiffs counsel] was entered?” However, promptly upon notification, the opposing party disputed “the propriety of the trial court’s action in granting the nonsuit.” And upon being advised of “the dispute,” the trial court effectively ruled that the order was entered improperly as a nonsuit order by holding that “the ‘non-suit order’ entered in the initial suit had the limited effect of being a dismissal order without determining the merits.”

 As pertinent here, Code § 8.01-380(A) provides that: “After a nonsuit no new proceeding on the same cause of action or against the same party shall be had in any other court other than that in which the nonsuit was taken,” and Code § 8.01-380(B) provides that “[o]nly one nonsuit may be taken to a cause of action or against the same party to the proceeding, as a matter of right.”

 In Clark v. Butler Aviation-Washington Nat’l, Inc., 238 Va. 506, 385 S.E.2d 847 (1989), which the majority cites as a controlling case, process had been served upon the defendant. Therefore, we did not decide the present issue in Clark.

 Rule 3:3(c) provides:
No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

 An action is “commenced” when the motion for judgment is filed in the clerk’s office, Rule 3:3(a), and the statute of limitations is tolled during the pendency of the action. Code § 8.01-229(E)(1).