## Wytheville.

## Martin v. Martin.

### July 15, 1897.

#### Absent, Riely, J.

1. Process—*Defective Service Cured by Appearance.*—Defects of service of process are cured by appearance and consent to a hearing.

2. Partition—*Averments as to Complainant's Estate—Parties—Mortgagees—Judgment Creditors—Continuance.*—An allegation that the ancestor died, seised and possessed of a tract of land, and that the complainant and the defendants are his only heirs is a sufficient averment of the title of the parties in a suit for partition. Mortgagees and judgment creditors of the ancestor are not affected by partition, and are not necessary parties to the suit for partition. Their rights cannot be affected in any way by the partition. The owners of the equity of redemption may have partition, and it is not error to refuse a continuance of the suit because one of the co-parceners has a claim against the ancestor, especially when there is a suit pending in the same court for the purpose of ascertaining the debts against such ancestor, and having the same paid.

3. Suits for Partition—*Exceptions to Commissioners' Report.*—An exception to a report of commissioners to divide lands in a suit for partition, on the ground that the division is unequal as to quality and quantity, but which fails to point out the inequality, and which is not supported by proof, should be overruled.

4. Partition—*Owelty—Compensation for Inequalities—Case at Bar.*—In a suit for partition, if the lands are incapable of exact or fair division, the court may compensate the party receiving the less valuable lands by creating in his favor a charge upon the more valuable lands by way of rent, servitude, or easement. In the case at bar the servitude consisted in the right to take water by means of a pipe or ditch from one tract for the use of the other. This language will be construed to mean that the water is to be taken at a suitable and convenient point, and so as to inflict no unnecessary injury upon the lot from which it is taken, nor inconvenience to the owner thereof.

Appeal from a decree of the Circuit Court of Giles county, pronounced October 23, 1894, in a suit in chancery, wherein the appellee, S. D. Martin, was the complainant, and the appellant and others were the defendants.

*Johnston, Taylor & Johnston, Blair & Blair* and *J. B. Peck,* for the appellant.

*Martin Williams, J. H. Fulton* and *Henson & Mason,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

This is a suit for the partition of land. The bill was filed by S. D. Martin, and alleges that his mother, Mrs. Almira Martin, was in her life time seised and possessed of certain real estate lying in the county of Giles, state of Virginia, containing about 340 acres, adjoining the lands of L. Caldwell and others, and being so seised and possessed she died, leaving complainant, J. W. Martin, Ella Echols, wife of W. W. Echols, and Lelia Martin, her only children and heirs at law; that her husband, complainant's father, having died some years before, she (Mrs. Almira Martin) had conveyed the land to C. W. Echols, trustee, to secure a debt due one W. W. Echols. It is further alleged that this land is susceptible of partition among the parties, and the prayer is, that J. W. Martin, Ella Echols, and W. W. Echols, her husband, L. D. Martin, and C. W. Echols, trustee, be made parties defendant to the bill; that the land be divided among the parties entitled thereto, &c.

It appears that Lelia Martin was not named in the prayer of the bill, or was incorrectly named, though process issued and was served upon her as upon the other defendants, except C. W. Echols, trustee. Upon the bill taken for confessed as to all the defendants, commissioners were appointed to go upon the land and partition the same among the heirs at law of Mrs. Almira

Martin, deceased, according to quality and quantity, if a partition could be made in kind; if not, they were to so report to the court, giving the reasons therefor. The commissioners went upon the land, made partition of it, filed their report, together with a plat of the land, as partitioned, and after the same had been filed more than thirty days, the cause came on to be heard at the October term of the court, 1894, upon the papers formerly read, the report of the commissioners who made the partition, exceptions taken by J. W. Martin thereto, and upon the demurrer and answer of J. W. Martin then filed. The demurrer was urged upon the grounds that Lelia Martin had not been made a party defendant by complainant's bill, and C. W. Echols, trustee, had not been served with process; that the bill does not allege that the plaintiff was seised and possessed of an estate in the land asked to be partitioned, and does not allege sufficient description of the land. Whereupon the complainant was permitted to amend his bill by inserting the name of Lelia Martin therein; and thereupon Lelia Martin and C. W. Echols, trustee, by their attorneys, entered their appearance and consented that the case should then be heard. The court overruled the demurrer, and by reason alone of the amendments to the complainant's bill then made, J. W. Martin moved for a continuance of the cause, which was refused. The report of the commissioners partitioning the land was approved and confirmed, and it is from this decree that the case is appealed to this court.

We are of opinion that the demurrer was properly overruled. Lelia Martin, although not correctly named in the prayer of the bill, was served with process to answer, and the amendment which was permitted cured any defect as to her, and C. W. Echols, trustee, was not a necessary party to the suit. Partition does not affect mortgagees and judgment creditors, and some of the authorities go so far as to say that when they are made parties to a suit for that purpose and in the capacity of mortgagees or creditors, the bill will be dismissed, as to them. 4 Minor's Inst., p. 1213; Barton's Ch. Pr., 290, and cases there cited.

We are further of opinion that the bill made a case upon which the plaintiff was entitled to a partition of the land. It is alleged that Mrs. Almira Martin was seised and possessed of the land in question, and that having died intestate, her children named were her only heirs at law. This was amply sufficient to show the rights of the parties named to the land.

We are further of opinion that no good reason was shown by the appellant at the October term, 1894, for a continuance of the cause. His answer, then filed, did not deny the right of the complainant to have partition of the land, but that because there was a deed of trust thereon given by Mrs Almira Martin in her life time to secure a debt, and he was asserting a claim for improvements put upon the land at the request of Mrs. Martin in her life time, it was not proper to make partition thereof at that time.

The owners of the equity of redemption in land may have partition, but mortgagees and judgment creditors cannot be compelled to join with them in the bill for partition, nor can any relief be had against them; nor can their rights in any degree be affected by the partition. *Wotten* v. *Copeland.* 7 Johns. Ch., 140; 4 Minor Inst. (Pt. 2), p. 1213.

The claim asserted by J. W. Martin was not against his co-tenants, but against Mrs Martin, from whom they derived the land, and in addition to the fact that this was not a proper suit in which to assert his claim for improvements upon the land made in the life time of Mrs Martin, there was pending in the same court a suit in which an account of debts against Mrs. Martin, or her estate, was being taken, and that cause, heard with this cause at the October term, 1894, was recommitted to a commissioner for further account of debts against her etsate, thereby affording J. W. Martin ample opportunity to prove the claim asserted in his answer in this suit.

We are further of opinion that the exceptions of J. W. Martin to the report of the commissioners who partitioned the land were properly overruled. The exceptant merely says that the

partition is unequal as to quality and quantity. He does not show wherein it is unequal, nor attempt to point out the inequality complained of, nor adduce any evidence of the inequality.

This brings us to the only remaining objection made to the decree appealed from.

In partitioning the land the commissioners alloted to the appellant, J. W. Martin, eighty-four and three-quarter acres, designating it as lot No. 1, and giving the metes and bounds thereof, and to S. D. Martin seventy-seven and one-half acres, designating it as lot No. 2, describing the metes and bounds, and at the conclusion of their report say: "We further assign that lot No. 2 shall have the right to one-half of the water on lot No. 1, with the right to convey to any point on lot No. 2 by ditch or pipe. We assign that the fence, from a point marked 13 on the plat, be put on the line between lots 1 and 2 from 14 to the public road."

It is contended that where lands are incapable of exact or fair division the court has no power to compensate by a charge upon the land by way of rent, servitude, or easement. In this view we cannot concur. The policy of our statute authorizing partition of real estate between tenants in common, joint tenants, and coparceners is opposed to the sale of land for partition, and, as is said by Mr. Minor (4 Minor's Insts., Pt. 2, p. 1213: "In making partition a court of equity is clothed with ample power to resort to the most advantageous devices which the nature of the case may admit."

In Pom. Eq. Jurisprudence, sec. 1389, the rule is laid down as follows: "Where lands are incapable of exact or fair division, the court has power to compensate by a charge upon the land by way of rent, servitude, or easement."

And in the case of *Smith* v. *Smith*, 10 Paige, 470, it was held "that the commissioners in assigning a portion of the premises held in common to one of the parties, may charge it with an easement or servitude for the benefit of another party to whom a distinct portion of the premises is assigned in severalty."

Opinion.

That part of the report of the commissioners which provides that lot No. 2 shall have the right to one-half of the water on lot No. 1, with the right to convey it to any point on lot No. 2 by ditch or pipe, is somewhat vague and indefinite, but is to be construed, we think, as meaning that the ditch may be cut or pipe laid at a suitable and convenient point, so as to inflict no unnecessary injury to lot No. 1, or inconvenience upon the owner thereof.

For the foregoing reasons we are of opinion to affirm the decree appealed from.

*Affirmed.*