## Richmond

MARIAN J. WALKER, ET AL.

V.

LANDERS BOWMAN, JR., ET AL.

Record No. 811490.

April 27, 1984.

Present: All the Justices.

*John K. Burke, Jr. (John S. Davenport, III; Edward B. Kidd; Mays, Valentine, Davenport & Moore*, on briefs), for appellants.

*Randall G. Johnson (Hill, Tucker & Marsh*, on brief), for appellees.

CARRICO, C.J., delivered the opinion of the Court.

This litigation began on October 26, 1979, when Marian J. Walker and others, heirs at law of Peter Jefferson, Jr., deceased, filed a bill of complaint against Landers Bowman, Jr., and others, heirs at law of Gazetta Bowman, deceased. The bill sought the partition of the residue of a tract of land in Charles City County which had been the subject of a deed of partition in 1923. As matters developed, the primary question became whether Gazetta Bowman retained any interest in the land after the 1923 deed.

The cause was referred to a commissioner in chancery with direction to determine the owners of the land. The commissioner reported that the heirs of Peter Jefferson, Jr., were the fee simple owners and that Gazetta Bowman's heirs had no interest in the land.

The Bowman heirs filed exceptions to the commissioner's report. The trial court sustained the exceptions, holding that the Bowman heirs had a fee simple interest in the land, along with the Jefferson heirs. We granted the Jefferson heirs an appeal.

The land in question is part of a tract known as "Bishops," containing 200 acres, which in 1892 was conveyed to two brothers, Peter and James Jefferson, each holding a one-half undivided interest. James Jefferson died intestate "many years" prior to 1923,

survived by his widow, Elvira, a daughter, Gazetta, and a son, Peter, Jr., who was named for his uncle.

On December 18, 1923, Peter Jefferson the elder, Peter Jefferson, Jr., Gazetta Bowman, and Elvira Jefferson joined in a deed which recited that the parties were "desirous of a partial partition and division" of "Bishops," which, with off-conveyances deducted, then amounted to approximately 188 acres. The deed provided that a parcel of 34 acres was "cut off and assigned" to Gazetta Bowman "as her full part and interest in the [188-acre] tract of land (*except her interest in the dower of her mother, Elvira Jefferson, which will be assigned to her after the death of her said mother*), to hold the same separate and forever divided from the part and portion of all the other parties." (Emphasis added.)

The deed provided further that Peter Jefferson the elder, Peter Jefferson, Jr., and Elvira Jefferson should "have for their part and portion . . . all the rest and residue" of the 188-acre tract, "separate and forever divided from the said Gazetta Bowman." The deed stated that the residue contained 154 acres.

Peter Jefferson the elder died testate some time after the execution of the 1923 deed. Under his will and a subsequent arrangement made by his devisees, his interest in a portion of the 154-acre tract, amounting to approximately 103 acres, passed to Peter Jefferson, Jr.

Elvira Jefferson, Peter Jefferson, Jr., and Gazetta Bowman all died intestate some time prior to the institution of the present proceeding. At the time of Peter, Jr.'s death, the 103-acre parcel, with off-conveyances deducted, had been reduced to approximately 92 acres, which included the land involved in the present proceeding. Peter, Jr.'s heirs conveyed away 1.690 acres and partitioned among themselves another 52.370-acre parcel, leaving approximately 38 acres undivided at the time the present proceeding was instituted.

The chancellor's decision that the Bowman heirs had a fee simple interest in the land in dispute was based upon the parenthetical clause in the 1923 deed, italicized above. As noted previously, the parenthetical clause is included in a recital which states that Gazetta Bowman was "to have and to hold the [34-acre parcel] as her full part and interest in the said [188-acre] tract of land (except her interest in the dower of her mother, Elvira Jefferson, which will be assigned to her after the death of her said mother)."

In the decree appealed from, the chancellor found "it was the intention of the parties to the December 18, 1923 deed that Gazetta Bowman should have one-fourth of 188 acres which mathematically equates to 47 acres[,] thus, more than the 34 acres specifically set off by said deed." In making this finding, the chancellor had before him only the contents of the 1923 deed itself and the chain of title to the land involved in this controversy, submitted with the commissioner's report; no other evidence appears in the record.

The applicable rule of construction is that the intention of the parties to a deed prevails, if their intention is discernible. *Phipps* v. *Leftwich*, 216 Va. 706, 710, 222 S.E.2d 536, 539 (1976). We find nothing in the language of the 1923 deed, however, evincing an intention that Gazetta Bowman should eventually receive a full one-fourth of the 188-acre tract, or 47 acres.

In the first place, for all the record discloses, the 34-acre parcel might well have equaled in value a 47-acre portion cut off from the balance of the 188-acre tract. The Bowman heirs have neither claimed nor shown any inequality in value; because they rely on the fact that the parcel conveyed to Gazetta Bowman was smaller in size than one-fourth the total amount of land involved, it was their burden to establish the inequality. *Martin* v. *Martin*, 95 Va. 26, 29-30, 27 S.E. 810, 811 (1897).

Be that as it may, if one thing concerning intention emerges from the 1923 deed with any clarity, it is that Gazetta Bowman was "desirous" of the early outright ownership of specific land, unencumbered by her mother's dower interest. Gazetta Bowman's wishes in this respect were fulfilled,[1] and the tenor of the deed suggests that she was willing to accept in return a smaller parcel, whether or not it equaled in value a 47-acre tract she might eventually have received in some later division.

The chancellor also found that the parties to the deed intended Gazetta Bowman should reserve "to herself a fee simple interest in the land which was to be assigned as Elvira Jefferson's dower." In making this finding, however, the chancellor read additional language into the parenthetical clause; the clause does not

---

[1] Despite an argument to the contrary by the Jefferson heirs, it is clear that Elvira Jefferson relinquished her dower interest in the 34-acre parcel assigned to Gazetta Bowman. This is the plain import of the provision that Gazetta Bowman was to hold her parcel "separate and forever divided from the part and portion of all the other parties," and this view offers the only explanation for Elvira's signature on the 1923 deed.

contain the words "fee simple interest" or "land," and it does not state that an assignment of dower was to be made to Elvira Jefferson. Instead, the clause speaks of Gazetta Bowman's interest in Elvira Jefferson's dower, and it provides for assignment of that interest to Gazetta Bowman after Elvira Jefferson's death.[2] It is useless to speculate what the outcome would be had the draftsman employed different language in the 1923 deed. This court is not free, nor was the chancellor, to rewrite the 1923 deed to express an intention that is otherwise indiscernible.

The chancellor found further that the "specific language" in the parenthetical clause was in conflict with, and hence took precedence over, the later general provision in the deed which set off to Peter Jefferson the elder, Peter Jefferson, Jr., and Elvira Jefferson the "rest and residue" of the 188-acre tract "separate and forever divided from the said Gazetta Bowman." The Bowman heirs contend this holding is in accord with the rule that "where two clauses are irreconcilably repugnant in a deed, the first prevails." *Camp v. Camp*, 220 Va. 595, 598, 260 S.E.2d 243, 245 (1979).

This rule does not apply, however, where a disputed clause purports to except something from a conveyance and the thing excepted cannot be determined with legal certainty. *See Chesapeake Corp. v. McCreery*, 216 Va. 33, 37, 216 S.E.2d 22, 25 (1975); *Butcher v. Creel's Heirs*, 50 Va. (9 Gratt.) 201, 203 (1852). Here, as the Jefferson heirs maintain, the language in the parenthetical clause of the 1923 deed is virtually "meaningless."

Elvira Jefferson's dower interest amounted to *only a life estate* in one-third of her deceased husband's land. *See Nelson's Adm'r,*

---

[2] In the chain of title submitted with the commissioner's report, there is a reference to, and in the record there is a copy of, a final decree entered July 25, 1935, under the style of *Elvira Jefferson v. Peter Jefferson, Jr. et al.* The other suit papers are not part of the record.

The decree assigned to Elvira Jefferson two tracts of land totalling 43 acres, part of the "Bishops" tract. The decree stated that the land was assigned to Elvira Jefferson "for her dower in and to the real estate of . . . James S. Jefferson . . . for and during the term of her natural life."

We invited the parties to comment in supplemental briefs concerning the effect of the 1935 decree upon this controversy. Each side says the decree supports its position. We do not believe the decree is helpful to either side, or to us.

The 1935 proceeding might well have been the sort of eventuality Gazetta Bowman had in mind when she attempted to except from the 1923 deed some "interest in the dower of her mother." As we will demonstrate *infra*, however, the attempt was ineffective.

&C. v. *Kownslar's Ex'or & Als.*, 79 Va. 468, 475 (1884).[3] Gazetta Bowman had no legal interest in that life estate and, hence, could reserve no interest therein. And, because Elvira Jefferson's interest would have terminated upon her death, nothing would have been left that could descend or be assigned to Gazetta Bowman.

If an interest purportedly excepted from a deed "cannot be determined with reasonable certainty, the exception is void and the grantee is vested with title to the entire tract described, including the [interest] sought to be excepted." *Chesapeake Corp. v. McCreery*, 216 Va. at 37, 216 S.E.2d at 25. Here, in a two-way conveyance, Gazetta Bowman attempted to withhold from her grantees an interest that cannot be determined with reasonable certainty. Accordingly, the parenthetical clause in the 1923 deed must give way to the subsequent clause which sets off to Peter Jefferson the elder, Peter Jefferson, Jr., and Elvira Jefferson "all the rest and residue" of the 188-acre tract, "separate and forever divided from the said Gazetta Bowman."

For the reasons assigned, the chancellor's decree will be reversed. The cause will be remanded for further proceedings, including the entry of a decree declaring that the heirs at law of Peter Jefferson, Jr., are the owners in fee simple of the residue of the 154-acre tract involved in the 1923 deed and that the heirs of Gazetta Bowman have no interest therein.

*Reversed and remanded.*

---

[3] Pursuant to a 1977 amendment to Code § 64.1-19, a surviving spouse is now entitled to a dower or curtesy interest *in fee simple* of one-third of all the deceased spouse's real estate, unless barred or relinquished. Acts 1977, c. 657; *see Jacobs* v. *Meade*, 227 Va. 284, 315 S.E.2d 383 (1984).