162

## CIRCUIT COURT OF ARLINGTON COUNTY

National Hospital for Orthopedics
and Rehabilitation

v.

County Board of Arlington et al.

October 28, 1988

Case No. (Law) 88-972

By JUDGE THOMAS R. MONROE

This matter came on to be heard on the demurrer filed by the Sheriff of Arlington County, plaintiff's Memorandum in Support of Request for Denial of Demurrer, and defendant's Response to Plaintiff's Memorandum. I have carefully considered the oral arguments and briefs filed herein and sustain Defendant's demurrer.

On July 15, 1986, plaintiff entered into an agreement with the County Board of Arlington and the Sheriff of Arlington County. Under the terms of the agreement, plaintiff agreed to provide health care services to the inmates of the Arlington County Detention Center.

The Motion for Judgment alleges that paragraph two of the agreement provides:

PRICE SCHEDULE: The COUNTY agrees to pay NATIONAL HOSPITAL for medical services provided according to the following schedule:
Sick call in the DETENTION CENTER shall be billed at the rate of $150.00 for the first hour of each visit and $35.00 per each additional one-half hour of that visit. For all in-patient and outpatient services provided at NATIONAL HOSPITAL, ARLINGTON COUNTY will be billed

at the rate of 90 percent of the Hospital's price schedule as approved by the Virginia Hospital Cost Review Price Commission. This schedule shall be provided to the SHERIFF as will all subsequent revisions as they are proposed.

Paragraph nine of the agreement states:

CONTINGENCY: This contract is contingent upon the Commonwealth of Virginia Department of Corrections incorporating the cost of the contract services into the approved reimbursement budget for Fiscal Year 1982 for ARLINGTON COUNTY. Any annual renewal of this contract as provided in Paragraph 5 shall also be contingent upon same State approval.

Brhane Habte, an inmate in the "Suicide Observation Cell" of the Arlington County Detention Center, attempted suicide on or about September 7, 1984, causing the Sheriff to have his deputies hospitalize the inmate at plaintiff National Hospital for Orthopaedics and Rehabilitation where he remained for long and continuous medical services amounting to a sum of $234,754.95. Arlington County paid 90% of Habte's medical costs accrued through October 5, 1984, or the amount of $18,547.96. State medicaid, SSI, and miscellaneous adjustments account for payments in the amount of $13,647.16. Plaintiff has filed its motion for judgment for the remaining balance of $202,559.83, alleging in Count I (Breach of Contract) and Implied Contract in Count II.

The contract was signed by Edward J. Jenkins, Administrator of the National Hospital, W. V. Ford, County Manager, and James A. Gondles, Jr., Sheriff of Arlington County Virginia. The contract expressly stated that the County "agrees to pay National Hospital for medical services" provided:

Paragraph 1.A. EMERGENCY CARE:
The SHERIFF agrees to give notice by telephone to the Emergency Room prior to transport of Inmates to NATIONAL HOSPITAL . . .

Paragraph 1.C. OTHER OUTPATIENT CARE:
Unless otherwise requested, DETENTION CENTER
Staff members will be present with the physician
during examinations.

In essence, to provide security to the physician as further
evidenced by paragraph F SECURITY:

The SHERIFF agrees to provide physical security
on all inmates taken for treatment at NATIONAL
HOSPITAL.

I find the contract language to be clear and unambiguous and totally devoid of any obligation of the Sheriff to make payment for medical services extended by plaintiff to the inmate Brhane Habte. *Amos v. Coffey*, 228 Va. 88 (1984).

The demurrer filed by defendant, The Sheriff of Arlington County, as to Count I is sustained.

Count II is grounded on implied contract. Having found the contract to be an express contract governing the rights and obligations of all parties thereto, the law will not imply a contract in contravention thereof. *Roger v. Board of County Supervisors*, 176 Va. 268, 280 (1940).

The Demurrer filed by the defendant Sheriff of Arlington County as to Count II is sustained.

Mr. Brandt should present an endorsed order, bearing exception, incorporating this letter opinion, for entry by the Court. Leave to amend is granted to plaintiff within twenty-one days following entry of this order.