## CIRCUIT COURT OF CHESTERFIELD COUNTY

First Virginia Bank

v.

Victorian Square

June 6, 1990

Case No. CL90-21

By JUDGE HERBERT C. GILL, JR.

On May 30, 1990, counsel presented evidence and argument in regard to plaintiff's bill of particulars and defendant's grounds of defense. Plaintiff seeks recovery for defendant's failure to pave certain access pursuant to reasonable construction of the purchase, development, and cross access agreements. Defendant argues that said agreements fail to prescribe such an affirmative duty.

Contracts must be construed as written. *Ross v. Craw*, 231 Va. 206 (1986). The Court may not search for an agreement's meaning beyond the instrument itself, "where the agreement is complete on its face and is plain and unambiguous in its terms . . . ." *Lerner v. Gudelsky Co.*, 230 Va. 124 (1985).

An ambiguity exists, "when language admits of being understood in more than one way or refers to two or more things at the same time." *Amos v. Coffey*, 228 Va. 88 at 92 (1984), citing *Renner Plumbing v. Renner*, 225 Va. 508 (1983). However, a document is not ambiguous, "merely because the parties disagree as to meaning of language employed by them in expressing their agreement." *Id.*, 228 Va. 82 at 92 (1984), citing *Wilson v. Holyfield*, 227 Va. 184 (1984). The Court "is not at liberty to rewrite

a contract simply because the contract may appear to reach an unfair result." *Dominick v. Vassar*, 235 Va. 295 at 300 (1988), citing *Verlig v. Quarles*, 217 Va. 188 (1976).

Contract must be construed as a whole to determine the parties' intent with respect to specific provisions. *Virginia Ry. Co. v. Hood*, 152 Va. 254 (1929). Under Virginia law, where more than one document makes up an agreement, such documents should be interpreted together, each one assisting and determining meaning intended to be expressed by the others. *Wellmore Coal Co. v. Pow Const. Co., Inc.*, 600 F. Supp. 1042 (W.D. Va. 1984). Further, "omission of a particular covenant or term from a contract reduced to writing shows an intent to exclude it." *First National Bank of Martinsville and Henry County v. Roy N. Ford Co., Inc.*, 219 Va. 942 (1979), citing 17 Am. Jur. 2d *Contracts*, sect. 255 (1964).

Provisions relevant to the inquiry before the Court are as follows:

1. Article III of the Purchase Agreement, executed March 2, 1988, in part, provides:

> The purchaser's obligations hereunder are subject to the satisfaction of the following conditions precedent: . . . (12) There shall be right and left turn access to and from the property to the common travel lanes of the shopping center through the access easement area outlined in green on Exhibit A. (13) Direct right and left turn access to and from the shopping center shall be provided to U. S. Route 360 and Genito Road as shown on the attached site plan (Exhibit A) . . . . If any condition in Article III is not satisfied, then within the period provided for each condition above to be satisfied, purchaser may either (A) waive the condition and proceed with closing; or (B) terminate this agreement in which event the parties shall be relieved of liability under this agreement and seller shall return the deposit plus accrued interest to purchaser.

2. Paragraph 8 of the Development Agreement, executed March 2, 1988, provides:

*Easement.* Seller shall provide an easement granting right and left turn access to and from the property to the common travel lanes of the shopping center through the access easement area outlined in green on Exhibit A.

3. Paragraph 5 of the Cross Access Easement Agreement, executed September 30, 1988, provides:

*Construction of Roadways.* It is understood and agreed that portions of the premises are not currently developed and that VSP and FVB shall not be required to construct any roadways, driveways, sidewalks, or parking lots on the premises until such time as their specific portions of the premises are developed.

Upon consideration of the evidence submitted and the argument heard, petitioner's request is denied and judgment granted for defendant.

Provisions of said agreements, read together and reasonably construed, do not provide for an affirmative duty for the defendant to pave an access easement. The Court may not infer an ambiguity from the apparent omission of an allocation of responsibilities. *First National Bank of Martinsville and Henry County v. Roy N. Ford Co., Inc.,* 219 Va. 942 (1979).