## CIRCUIT COURT OF FAIRFAX COUNTY

4031 Limited Partnership

v.

Board of Supervisors
of Fairfax County

October 23, 1990

Case No. (Chancery) 116868

By JUDGE RICHARD J. JAMBORSKY

The matter is before the Court on the motions for summary judgment filed respectively by 4031 Limited Partnership (plaintiff) and the Board of Supervisors of Fairfax County (defendant). The Court took the matter under advisement and now sustains the plaintiff's motion for summary judgment. On February 7, 1983, the defendant entered into a lease agreement, as tenant, with Daniel, Daniel and Daniel, as landlord. The plaintiff is the successor in interest as landlord to the lease agreement. On April 1, 1988, the parties executed an addendum which modified, in part, section twelve of the lease agreement. Section four of this addendum provides, "[f]urther, [that] the Landlord shall at his expense and by June 30, 1990 . . . install new carpet throughout Tenant's space." Lease Addendum, Section 4, page 2.

At the outset, the Court and the parties agree that there is no ambiguity in the terms of the addendum regarding carpet installation. In rendering its decision, the Court is guided by the "plain meaning" rule. *Amos v. Coffey*, 228 Va. 88, 92, 320 S.E.2d 335, 337 (1984) citing *Berry v. Klinger*, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983). "The language used is to be taken in its ordinary signification . . . . If, when so read, the meaning is plain, the instrument must be given effect accordingly." *Id.* at 92,

320 S.E.2d at 337 quoting *Virginian Ry. Co. v. Avis*, 124 Va. 711, 716, 98 S.E. 638, 639 (1919). Because the plaintiff's interpretation is at complete odds with the defendant's interpretation, the Court must determine "from the four corners of the agreement and the language therein used, the true intent of the parties." *Pettibone Wood Manuf. Co. v. Pioneer Const. Co.*, 203 Va. 152, 157, 122 S.E.2d 885, 889 (1961). The Court's "construction of the agreement should be reasonable and just. An interpretation that would place one party at the mercy of the other should, if at all possible, be avoided." *Id.* at 157, 122 S.E.2d at 889 (omitting reference).

The Court believes that the defendant has the responsibility to remove office furniture and equipment in order for the plaintiff to install new carpet pursuant to the lease addendum. This decision is based upon the Court's belief that the plaintiff and defendant owe a duty to each other under the contract.

First, the plaintiff had an explicit obligation to install new carpet in the premises leased by the defendant by June 30, 1990. The term "install" is defined as "[t]o set up or fix, as a lighting system, for use or service." Webster's Collegiate Dictionary 522 (5th ed. 1947). The extent of the plaintiff's duty is twofold. First, the plaintiff is to remove any old carpet. Second, the plaintiff is to provide the materials and labor necessary to affix the new carpet to the floor. All of this is to be done at the plaintiff's expense. The plaintiff's duty in no way encompasses the moving of the defendant's office furnishings.

Second, a fair and practical reading of the contractual provision suggests that the defendant has an implicit duty to ensure that the premises are available and in a condition that permits the plaintiff to affix the carpet to the floor. Such a condition would encompass the moving of office furniture and equipment. The defendant's suggestion that the plaintiff must bear the burden and risk of moving office furniture and equipment strains the plain meaning of the term "install." The Court's interpretation balances the hardship of installing the new carpet between the parties.

For the foregoing reasons, the plaintiff's motion for summary judgment is granted.