## CIRCUIT COURT OF WESTMORELAND COUNTY

King

v.

King

September 26, 1995

By Judge Joseph E. Spruill, Jr.

In this Bill for Declaratory Relief, we are asked to construe a provision of a separation agreement. Mr. and Mrs. King's final decree of divorce entered February 27, 1982, approved a separation agreement between them dated July 15, 1981. The present controversy arises out of the interpretation of paragraph 3 of the agreement, which states:

> 3. The wife shall be permitted to remain in the marital home of the parties with the children, until such time as she dies, remarries or cohabits with a person of the opposite sex. Husband and wife who are currently tenants in the entireties and would be upon divorce tenants in common; and further agree that upon any of the above contingencies occurring, the property shall be sold and the equity therein divided equally between the parties hereto, their heirs, devisees or successors in title.

Mr. King, complainant herein, argues that the agreement gives Mrs. King the right to reside in the marital residence with the children until she dies, remarries or cohabits with a person of the opposite sex. Once the children leave home, he asserts, the wife's right to occupy their jointly owned residence terminates and he becomes entitled to exercise his right to have the property sold and the equity divided, as the agreement provides. The children are now grown and have homes of their own. The time has come, he claims, for him to realize his equity in the property.

The wife has a different view. She claims the phrase "with the children" merely expresses the parties' consent that the children may reside with their mother in the home and that only upon her death, remarriage or

cohabiting with a person of the opposite sex does her right to live in the home terminate.

The initial inquiry here is to determine whether the terms of paragraph 3 are ambiguous. If there is no ambiguity, parol evidence is not admissible to explain the terms. "An ambiguity exists when language admits of being understood in more than one way . . . ." *Smith v. Smith*, 3 Va. App. 510 (1986). A document is not ambiguous "merely because the parties disagree as to the meaning of the language employed by them in expressing their agreement." *Amos v. Coffey*, 228 Va. 88 (1984).

In construing the terms of a contract, Virginia courts adhere to the "plain meaning rule." The language used is to be taken in its ordinary signification. If, when so read, the meaning is plain, the instrument must be given effect accordingly. *Id.*

I find the language in question not to be ambiguous. The phrase "with the children" is contained within the text of the paragraph, and it must be given its "plain meaning." The Court is not free to rewrite a contract to express an intention that is otherwise indiscernible. *Walker v. Bowman*, 227 Va. 209 (1984). The agreement declares that Mrs. King can live in the marital residence with the children until she dies, remarries, or cohabits with a person of the opposite sex. It does not give her the right to live there without the children under these terms. Nor does anything in the agreement suggest that was the parties' intention. Indeed, in paragraph 4, the husband agrees to pay "the real estate taxes, water and sewer, and the house insurance . . . ." This suggests, at the least, an intention that the wife's occupancy was not expected to be of indefinite duration.

To adopt Mrs. King's argument would require an interpretation that ignores the phrase "with the children." In effect, she argues that this phrase has no meaning or significance. We cannot, however, ignore the words that the parties have used in expressing their agreement. We must give those words their plain meaning.

The wife's argument here is similar to that made by the plaintiffs in *Berry v. Klinger*, 225 Va. 201 (1983). There the plaintiffs contended that the disputed contract provision should be read as if it did not contain the words "decided to." The plaintiffs contended these words should be "eliminated" as having "no meaning." The Supreme Court ruled here that effect must be given "to all the language of a contract if its parts can be read together without conflict. *Where possible, meaning must be given to every clause.*" (Emphasis added.)

Accordingly, the prayer of the Bill will be granted.