# CIRCUIT COURT OF CHESTERFIELD COUNTY

Carl R. Baker

v.

Maureen J. Baker

April 14, 1999

Case No. CH98-262

BY JUDGE MELVIN R. HUGHES, JR.

From the last hearing there is a question remaining as to whether the plaintiff-wife is entitled to survivor benefits under the defendant-husband's Virginia retirement plan. Both sides have since briefed the issue. These have been read and considered.

The parties reached a settlement concerning equitable distribution following mediation. The terms of the settlement were then transcribed for a record. The pertinent settlement transcript pages are 14-15.

After consideration, I find that the parties agreed that Mrs. Baker would receive survivor benefits under the Virginia plan. However, while it was the parties' intention that Mrs. Baker receive survivor benefits, there is no agreement between them as to the type of benefit Mrs. Baker would receive under the options available. In other words, while the transcript shows that Mr. Baker agreed to name Mrs. Baker as the survivor beneficiary under the Virginia Plan, this is without specification as to the type of plan. Thus, the question becomes can only an entitlement that Mrs. Baker receive survivor benefits, without more, be a contract.

At the last hearing, the court ruled that, if the parties' contract did not admit of any ambiguity, no parol evidence could be adduced to explain what the parties intended. I find that there is no indication on the record concerning the value, worth, or amount of survivor benefits Mrs. Baker would receive under the Virginia Plan. There is no ambiguity because there is no discussion,

language or statements regarding what the parties intended with respect to any of the four options available. "An ambiguity exists when language admits of being understood in more than one way or refers to two or more things at the same time." *Amos v. Coffey*, 228 Va. 88, 92 (1984) (quoting *Renner Plumbing v. Renner*, 225 Va. 508, 515 (1983)). Here, there is no language that would admit to anything on the subject of survivor options under the Virginia Plan.

The court has considered ruling that the parties agreed to Mrs. Baker's entitlement to survivor benefits and thereby Mr. Baker would be obligated to provide same with the type at his election when the choice is to be made — upon his retirement. However, the court holds, as Mr. Baker urges, under contract principles, this aspect should not be indefinite or vague; parties to a contract must come to a meeting of the minds on every essential contract term, *Parker v. Murphy*, 152 Va. 173, 183 (1929), here, the amount of the benefit or the formula by which it would be determined. Therefore, the court rules that the parties have no contract on the survivor benefits under the Virginia Plan.