Present: All the Justices

SHUNDA N. SMITH, ET AL.

OPINION BY JUSTICE A. CHRISTIAN COMPTON

v. Record No. 982070                     June 11, 1999

COLONIAL INSURANCE COMPANY
OF CALIFORNIA


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Thomas H. Wood, Judge

This is a motor vehicle insurance case in which the insured made material misrepresentations when applying for insurance. The sole issue on appeal is whether the trial court correctly decided that the parol evidence rule did not apply to testimony about questions asked of the insured and the insured's verbal answers to those questions during the application process.

In March 1993, appellant Catherine Smith applied for automobile liability insurance in Staunton with an agent of appellee Colonial Insurance Company of California. Based on oral and written statements made by Smith, the insurer issued a "Family Automobile Policy" covering a 1979 Chevrolet pick-up truck.

In December 1993, while the policy was in effect, appellant Shunda Smith, Catherine Smith's daughter, allegedly was injured on Interstate 81 in Augusta County while in a motor vehicle that was struck by another vehicle operated by an uninsured motorist. As a result of the accident, the daughter made a demand upon

Colonial for uninsured motorist coverage under the policy issued to her mother.

In October 1996, the insurer filed the present motion for declaratory judgment naming the Smiths as defendants. The insurer alleged that, following investigation of the accident, it learned Catherine Smith had made material misrepresentations when applying for the policy. The insurer asked for a judgment declaring that the policy was void ab initio and that coverage was not owed to Shunda Smith.

Following an April 1998 evidentiary hearing, the trial court, sitting without a jury, ruled the insurer had proved by clear and convincing evidence that Catherine Smith had made material misrepresentations when applying for the policy. Thus, the court entered the declaratory judgment the insurer sought. The Smiths appeal.

We shall summarize the evidence in the light most favorable to the insurer, which prevailed below, according to settled principles of appellate review. On March 8, 1993, Catherine Smith met with an agent of the insurer and sought motor vehicle liability coverage on the 1979 pick-up truck. At trial, over the Smiths' objection, the agent testified about the series of questions asked of Catherine Smith posed to enable the insurer to determine its "exposure" and whether to issue a policy of insurance.

Among the subjects covered in the questions were the ownership of the vehicle and whether there were others in Smith's household who were licensed motor vehicle operators. Responding to the agent's questions, Smith said the vehicle was titled in her name and that there were no other licensed drivers in her household. This information was "input" into the agent's computer, transmitted to the insurer's underwriting department, and reflected in an application form printed by the computer that was signed by Smith. Based on the information Smith furnished the agent, the policy was issued effective March 8.

The insurer later learned, however, that when Smith applied for the insurance she was not the actual owner of the vehicle, but that it was owned by an unlicensed driver who did not live with her. If the insurer had learned this fact at any time after issuance of the policy, it would have cancelled the policy. The insurer also learned later that Shunda Smith, a licensed driver, was living with her mother at the time she applied for the policy. If the insurer had known this fact at the time, the premium charged would have increased by about 50%.

Upon consideration of the evidence, the trial court found the insurer had met the requirements of Code § 38.2-309, which provides that statements in an application for an insurance policy shall bar recovery under the policy if it is "clearly

proved" that such statements were "material to the risk when assumed" and were "untrue."

On appeal, the Smiths concede that the trial court had "sufficient evidence to support its decision." The Smiths argue, however, the insurer attempted to prove that the application form signed by Catherine Smith was "incomplete" because, they note, the form did not contain all the questions asked of her or her answers. Nonetheless, they point out, it contained above her signature the language "on the basis of statements contained herein." "Basically," the Smiths say, "Colonial contends that Smith made oral misrepresentations to its agent and that misrepresentation is indicated by the lack of certain information on the application." This "missing information," according to the Smiths, "if ever requested, may have been contained in the agent's computer program but never printed on the application or insurance contract Colonial entered into with Smith."

The Smiths also rely on a "merger" theory in which they contend all misleading statements "Smith made prior to her signing the application were merged" into the contract of insurance. According to the Smiths: "Colonial relies on alleged statements made to the insurance agent and not on information found on the application in order to add to and alter the contents of the insurance contract of the parties."

4

The Smiths contend, building on their "merger" theory, that "[t]he trial court's admission of parol evidence to add to or reform the terms of the contract was legal error."

We do not agree with any of the Smiths' contentions. Their argument demonstrates a misconception of insurance law and practice generally and the application process for motor vehicle liability insurance in particular.

In the first place, there is no requirement that an application for liability insurance be solely in writing; it may be oral, it may be written, or, as in this case, partly oral and partly written. See Franklin Fire Ins. Co. v. Bolling, 173 Va. 228, 233, 3 S.E.2d 182, 184 (1939); North River Ins. Co. v. Lewis, 137 Va. 322, 324-27, 119 S.E. 43, 44-45 (1923).

In the second place, an application for insurance is merely an offer to enter into a contract. Hayes v. Durham Life Ins. Co., 198 Va. 670, 672-73, 96 S.E.2d 109, 111 (1957). The insurance policy is the contract between the parties. Hence, this application for motor vehicle liability insurance did not "merge" into the policy contract that ultimately was issued by the insurer based upon representations in the application.

In the third place, the parol evidence rule applies to written contracts. Amos v. Coffey, 228 Va. 88, 91-92, 320 S.E.2d 335, 337 (1984). Therefore, the rule has no relevance to

5

an application for liability insurance because, as we have said, the application is a mere offer.

Although the written portion of the application in this case is not a model of clarity and does not contain the actual questions posed by the agent, it is nevertheless the embodiment of the discussion between the applicant and the agent. Thus, the written form, as well as the oral testimony explaining the completion of the form, were properly considered by the trial court as evidence that material misrepresentations had been made.

Accordingly, we hold the trial court did not err and we will affirm the judgment below.

<u>Affirmed</u>.